**Maurice D. HALL, Petitioner,**

v.

**CITY OF AUSTIN, Respondent.**

No. B–1849.

Supreme Court of Texas.

Jan. 28, 1970.

E. Wayne Thode, Salt Lake City, Utah, Byrd, Davis, Eisenberg & Clark, Tom H. Davis, Austin, for petitioner.

H. Glenn Cortez, City Atty., Austin, Sears & Burns, Robert L. Burns, Houston, for respondent.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This is an eminent domain proceeding. We order the appeal dismissed, because no appealable judgment has been rendered by the trial court.

In its petition filed April 30, 1953, the City of Austin sought to condemn a lot 100 feet deep fronting 250 feet on the south side of Waterfront Street for the purpose of constructing and maintaining a freeway, now designated as Interstate Highway 35, and streets intersecting therewith. Special commissioners were appointed and made their award, and the landowner filed objections asserting that the amount of the award was inadequate. On October 5, 1966, after the freeway was constructed, the landowner filed amended objections alleging that approximately the eastern one-half of the lot had been used for the purposes stated in the petition and that the attempted condemnation of the remainder of the lot was "arbitrary, capricious, in bad faith, and an abuse of the power of condemnation." It was also alleged that the City had waived its right, and is now estopped, to take the unused portion of the lot and that the award of the commissioners is grossly inadequate.

On April 27, 1967, the landowner filed a motion, quoted in the margin,[1] for a separate trial of issues pursuant to Rule 174. Appended to the motion is the following order signed by the trial judge:

"It is hereby Ordered that a separate trial be held on the issues of whether or not the City had the right to condemn that portion of the tract involved which has not been used for the Interregional Highway or whether the exercise of the City's right to condemn was excessive and arbitrary."

On November 5, 1968, judgment was rendered that the City take nothing as to the western portion of the lot, which portion was described by metes and bounds in the judgment. No disposition was made of the claims of the parties with respect to the portion of the lot occupied by Interstate Highway 35. The City attempted to appeal to the Court of Civil Appeals but pointed out in its brief that this was done out of an abundance of caution since the trial court's judgment was probably interlocutory. The Court of Civil Appeals entertained the appeal, evidently on the basis of its conclusion that an order for the separate trial of issues has the same effect as an order of severance. The judgment of the county court at law was, in effect, reversed and the cause was remanded for a trial on the issue of damages. 446 S.W.2d 330.

The difference between a severance and an order for separate trials has been explained several times. See Kansas University Endowment Ass'n v. King, 162 Tex. 599, 350 S.W.2d 11; Hall, Severance and Separate Trial in Texas, 36 Tex.L. Rev. 339. A severance divides the lawsuit

---

1. COMES NOW, Maurice D. Hall, and pursuant to Rule 174, Texas Rules of Civil Procedure, requests a separate trial on the issues of whether or not the City had the right to condemn that portion of the tract involved which has not been used for the Interregional Highway or whether the exercise of the City's right to condemn was excessive and arbitrary in that it condemned more land than was needed for the purpose for which condemnation proceedings were instituted.

into two or more separate and independent causes. When this has been done, a judgment which disposes of all parties and issues in one of the severed causes is final and appealable. An order for a separate trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing. The order entered at the conclusion of a separate trial is often interlocutory, because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided.

As pointed out in the law review article cited above, there has been some confusion on the part of both courts and lawyers in use of the terms "severance" and "separate trial." The fact that the terms are not always used properly affords no basis, however, for treating an order for a separate trial as an order of severance. There is nothing in the transcript of this case that could possibly be construed as ordering a severance.[2] The judgment from which the City attempted to appeal simply adjudicates part of a single cause and leaves part of the cause untried and unadjudicated. It is not an appealable judgment, and neither the Court of Civil Appeals nor this Court has any power to review the same. Steeple Oil & Gas Corp. v. Amend, Tex.Sup., 394 S.W.2d 789; Palmer v. D. O. K. K. Benevolent and Ins. Ass'n, 160 Tex. 513, 334 S.W.2d 149; Pan American Petroleum Corp. v. Texas Pac. Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200. Under the provisions of Rule 483, the judgment of the Court of Civil Appeals is reversed and the appeal from the county court at law is dismissed. McCauley v. Consolidated Underwriters, 157 Tex. 475,

304 S.W.2d 265. We have not said and do not mean to suggest that the dispute as to the right to condemn the western portion of the lot constitutes a severable part of the controversy.

2. It is in this respect that the present case differs from Schieffer v. Patterson, Tex. Sup., 433 S.W.2d 418; Kansas University Endowment Ass'n v. King, 162 Tex. 599, 350 S.W.2d 11; and Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76. In *Schieffer* the trial court ordered that "the issue of damages only . . . be, and such issue is hereby, severed from all other issues in the above styled

and numbered cause." The order in *King* recited that the trial judge was acting under Rule 174 but then proceeded to "sever out of this cause" and assign a different cause number to certain claims involved in the suit. Our opinion in *Pierce* points out that the trial court there ordered that part of the case be severed and given a new number on the docket.