Albert C. **BOKEMEYER**, Appellant,

v.

**BOKEMEYER PROPERTIES, INC.,**
**et al., Appellees.**

No. 8489.

Court of Civil Appeals of Texas,
Beaumont.

June 19, 1980.

John L. Russell, Houston, for appellant.

Robert F. Atkins, Coldsprings, for appellees.

KEITH, Justice.

Plaintiff, individually and on behalf of a corporation, brought suit against his former wife, Patricia Brumley, and Tom W. Hollis. As to both defendants, plaintiff sought judgment cancelling and setting aside certain assignments of contracts for sale of land and certain deeds of the corporation to Hollis. He sought additional relief as to Brumley which was not sought against Hollis.

Hollis answered with a lengthy plea of estoppel and sought a hearing thereon before service was had on Brumley.*

No order of severance under *Tex.R.Civ.P. 41* or for a separate trial under *Tex.R.Civ.P. 174(b)* was entered. At the conclusion of the hearing, judgment was entered finding the conveyances to be valid and binding on the corporation; but no mention was made of plaintiff's claims against his former wife. Plaintiff has attempted to appeal from the judgment which was entered and our Clerk inadvertently accepted the transcript and record for filing.

The cause was submitted on briefs and oral argument with no suggestion of lack of jurisdiction to consider the appeal having been made by either party.

■ Since our appellate jurisdiction exists generally only over final judgments, the question of finality must be the threshold inquiry in this case, even if it must be raised sua sponte. It has long been the rule that "an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties in a case." *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). However, as noted by Chief Justice Calvert in *Aldridge*, supra, "The rule is deceiving in its apparent simplicity . . . ."

The rule which was fashioned in *Aldridge* is this:

"When a judgment, not intrinsically interlocutory in character, is rendered and entered *in a case regularly set for a conventional trial on the merits*, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." (400 S.W.2d at 897–898, emphasis ours).

The order which we review was not entered "in a case regularly set for a conventional trial on the merits", as required in *Aldridge*. Instead, not all of the necessary and proper parties were before the Court at the time of the hearing on the plea of estoppel.

■ This is not a case of careless draftsmanship; instead, it clearly appears that the trial court intended the entry of an interlocutory order which would have the effect of terminating the litigation as between plaintiff and Hollis. Insofar as the case of action asserted against Mrs. Brumley, the cause is still pending on the docket of the district court for disposition. From our review of the record, we are of the opinion that no appealable order has been entered in the trial court.

At best, the order under review is an interlocutory order and is not an appealable order within the power and jurisdiction of this court to review. *Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex.1970).

Without considering the points of error, we dismiss the appeal for want of jurisdiction and without prejudice to the rights of any of the parties.

Appeal dismissed.

---

\* At the hearing, Brumley appeared and testified on behalf of Hollis; and, our record shows that she was served with process in the lawsuit on the same day she testified. At the time of the entry of the order under review, she had not filed formal answer in the case.