COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-04-025-CV
 
  
LOCAL TELECOM SERVICE, L.L.C.                                           APPELLANT
 
V.
 
JOLENE MARIE FORSBERG AND                                              APPELLEES
JOHN JOSEPH FORSBERG
  
------------
 
FROM THE 231ST DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
        Appellant 
Local Telecom Service, L.L.C. (LTS), a creditor of Appellee John Joseph 
Forsberg, seeks to appeal from a trial court judgment declaring the proceeds of 
the sale of Appellees’ homestead to be exempt property not subject to 
garnishment by LTS.  We dismiss for want of jurisdiction.
        LTS 
intervened in Appellees’ pending divorce action. LTS had previously obtained a 
judgment and writ of garnishment against Mr. Forsberg in another district court, 
and sought to pursue recovery against funds on deposit in a trust account held 
by DeForrest N. Tiffany for the benefit of Appellees and monitored by the 
divorce court.  The petitioner in the divorce action, Appellee Jolene Marie 
Forsberg, filed for bankruptcy, listing the proceeds of the trust account as an 
exempt asset of the debtor’s estate.
        On 
June 3, 2003, the U.S. Bankruptcy Court lifted the automatic bankruptcy stay to 
permit LTS to pursue its claim for recovery in the divorce court under the writ 
of garnishment issued against the funds on deposit in the trust account.
        On 
November 13, 2003, the judge of the divorce court signed a judgment, ruling 
against LTS on its claim as intervenor.  On December 10, 2003, the U.S. 
Bankruptcy Court signed an order allowing LTS to appeal the trial court’s 
judgment “to the Texas appellate Courts, pursuant to the Texas Rules of 
Appellate Procedure.”
        LTS 
now attempts to appeal the trial court’s November 13, 2003 judgment. 
Appellees’ divorce proceeding is still pending in the trial court and there 
has been no severance of LTS’s intervention claim.
        We 
notified the parties of our concern that this court did not have jurisdiction 
over this appeal because the trial court’s November 13, 2003 judgment may not 
be a final, appealable order for the reason that it does not dispose of all the 
issues and parties in the case that is pending in the divorce court . We have 
received no response.
        An 
order rendered after a separate trial is interlocutory until all the claims and 
issues in the suit have been litigated. Van Dyke v. Boswell, O’Toole, Davis 
& Pickering, 697 S.W.2d 381, 383 (Tex. 1985); Hall v. City of Austin, 
450 S.W.2d 836, 837-38 (Tex. 1970); see also Arnold v. Arnold, No. 
2-03-247-CV, 2003 WL 22251612, at *1 (Tex. App.—Fort Worth Oct. 2, 2003, no 
pet.) (mem. op.) (dismissing appeal for want of jurisdiction because trial 
court’s order entered after separate trial in divorce case was not appealable 
for reason that divorce petition was still pending in trial court). Thus, the 
trial court’s November 13, 2003 judgment is interlocutory. In addition, the 
judgment does not fall within one of the categories of appealable interlocutory 
orders under section 51.014 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2004). 
Accordingly, we dismiss the appeal for want of jurisdiction.  See Stary 
v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998); Arnold, 2003 WL 
22251612, at *1.
 
                                                                  PER 
CURIAM
  
PANEL 
D:   HOLMAN, GARDNER, and WALKER, JJ.
DELIVERED: 
March 18, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.