TELECOM V. FORSBERG

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-025-CV

LOCAL TELECOM SERVICE, L.L.C. APPELLANT

V.

JOLENE MARIE FORSBERG AND APPELLEES

JOHN JOSEPH FORSBERG 

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Appellant Local Telecom Service, L.L.C. (LTS), a creditor of Appellee John Joseph Forsberg, seeks to appeal from a trial court judgment declaring the proceeds of the sale of Appellees’ homestead to be exempt property not subject to garnishment by LTS.  We dismiss for want of jurisdiction.

LTS intervened in Appellees’ pending divorce action.  LTS had previously obtained a judgment and writ of garnishment against Mr. Forsberg in another district court, and sought to pursue recovery against funds on deposit in a trust account held by DeForrest N. Tiffany for the benefit of Appellees and monitored by the divorce court.  The petitioner in the divorce action, Appellee Jolene Marie Forsberg, filed for bankruptcy, listing the proceeds of the trust account as an exempt asset of the debtor’s estate. 

On June 3, 2003, the U.S. Bankruptcy Court lifted the automatic bankruptcy stay to permit LTS to pursue its claim for recovery in the divorce court under the writ of garnishment issued against the funds on deposit in the trust account.

On November 13, 2003, the judge of the divorce court signed a judgment, ruling against LTS on its claim as intervenor.  On December 10, 2003, the U.S. Bankruptcy Court signed an order allowing LTS to appeal the trial court’s judgment “to the Texas appellate Courts, pursuant to the Texas Rules of Appellate Procedure.”

LTS now attempts to appeal the trial court’s November 13, 2003 judgment.  Appellees’ divorce proceeding is still pending in the trial court and there has been no severance of LTS’s intervention claim.

We notified the parties of our concern that this court did not have jurisdiction over this appeal because the trial court’s November 13, 2003 judgment may not be a final, appealable order for the reason that it does not dispose of all the issues and parties in the case that is pending in the divorce court.  We have received no response.

An order rendered after a separate trial is interlocutory until all the claims and issues in the suit have been litigated.  
Van Dyke v. Boswell, O’Toole, Davis & Pickering
, 697 S.W.2d 381, 383 (Tex. 1985); 
Hall v. City of Austin
, 450 S.W.2d 836, 837-38 (Tex. 1970); 
see also Arnold v. Arnold
, No. 2-03-247-CV, 2003 WL 22251612, at *1 (Tex. App.—Fort Worth Oct. 2, 2003, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because trial court’s order entered after separate trial in divorce case was not appealable for reason that divorce petition was still pending in trial court).  Thus, the trial court’s November 13, 2003 judgment is interlocutory.  In addition, the judgment does not fall within one of the categories of appealable interlocutory orders under section 51.014 of the Texas Civil Practice and Remedies Code.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 51.014 (Vernon Supp. 2004).  Accordingly, we dismiss the appeal for want of jurisdiction.  
See Stary v. DeBord
, 967 S.W.2d 352, 352-53 (Tex. 1998); 
Arnold
, 2003 WL 22251612, at *1
.   

PER CURIAM

PANEL D: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  March 18, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.