MARY'S OPINION HEADING 









                                                NO.
12-06-00164-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

IN RE: ALLSTATE COUNTY         §                      

 

MUTUAL INSURANCE      §                      ORIGINAL
PROCEEDING

 

COMPANY    §                      

                                                                                                                                                           


OPINION

            In this original proceeding, Allstate County Mutual
Insurance Company (Allstate) seeks a writ of mandamus requiring the trial court
to vacate its order denying Allstate’s motion to sever and abate Brandi M.
Driskell’s claims for extracontractual damages until her claim for
uninsured/underinsured motorist (UIM) benefits has been adjudicated.[1]  For the reasons set forth below, we
conditionally grant the writ as to Allstate’s motion to sever, but deny the
writ as to Allstate’s motion to abate.

 

Factual and Procedural Background

            On January 22, 2005, vehicles driven by Driskell and Etta
Agnes Bates-Foley collided at the intersection of Old Troup Highway and ESE
Loop 323 in Tyler.  Driskell contended
that Foley was underinsured and filed a UIM claim with Allstate.  On September 30, 2005, Allstate offered Driskell
$18,000.00 to settle the UIM claim.  Five
days later, it raised its settlement offer to $20,000.00.








            On October 14, 2005, Driskell filed suit against Allstate
for breach of contract under the UIM provision of her policy and also for
violations of the Texas Deceptive Trade Practices Act, Texas Insurance Code,
and general insurance principles.  Allstate responded with a general denial.  Allstate later filed a motion to sever and
abate the extracontractual claims.

            As authority for its motion to sever and abate, Allstate
cited Liberty National Fire Insurance Company v. Akin, 927 S.W.2d
627 (Tex. 1996).  Allstate contended that
where the insurer has made a settlement offer on a disputed contractual claim,
it is unduly prejudicial to litigate both the contractual and the
extracontractual claims in the same lawsuit. 
See id. at 630. 
Driskell responded that the trial court should follow an unreported
Texarkana Court of Appeals decision that allowed a bifurcated trial of
contractual and extracontractual claims rather than severance of the claims
into two causes of action.  See In
re Allstate Ins. Co., No. 06-05-00051-CV, 2005 WL 1114640, at *2 (Tex.
App.–Texarkana May 12, 2005, orig. proceeding) (mem. op.).  Allstate responded in a written reply that
the Texarkana Court of Appeals allowed bifurcation rather than requiring
severance because there was no evidence in the record before it of a settlement
offer by the insurance company.

            The trial court entered an order denying Allstate’s
motion to sever and abate, but bifurcating the contractual and extracontractual
claims to be heard by the same jury in separate trials.  Allstate then filed this original
proceeding.  On Allstate’s motion, we
stayed the proceedings in the trial court until our disposition of its mandamus
petition.

 

Availability of Mandamus

            A writ of mandamus will issue only if the trial court has
committed a clear abuse of discretion and the relators have no adequate remedy
by appeal.  In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).  The trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or if it clearly fails to correctly analyze or apply
the law.  Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992).  To
show that the trial court abused its discretion, the party challenging the
trial court’s decision must establish that the facts and law permit the trial
court to make but one decision.  In
re University Interscholastic League, 20 S.W.3d 690, 692 (Tex.
2000).  Trial courts have broad
discretion to sever a lawsuit into separate suits or to grant separate trials
on claims or issues.  Akin,
927 S.W.2d at 629 (severance); Womack v. Berry, 156 Tex. 44, 291
S.W.2d 677, 683 (1956) (separate trials).

 

Severance or Bifurcation?

            Insurance is a contract by which one party, for
consideration, assumes a particular risk on behalf of another party and
promises to pay him a certain or ascertainable sum of money on the occurrence
of a specified contingency.  Employers
Reinsurance v. Threlkeld & Co., 152 S.W.3d 595, 597 (Tex. App.–Tyler
2003, pet. denied).  A claim for UIM
benefits is contractual in nature.  In
re Trinity Universal Ins. Co., 64 S.W.3d 463, 467 (Tex. App.–Amarillo
2001, orig. proceeding).  A UIM claim is
separate and distinct from any extracontractual claims.  See id. at 467-68.

            The Texas Supreme Court has recognized that a severance
of extracontractual claims from contractual claims may be necessary in certain
insurance cases.  Akin, 927
S.W.2d at 630.  A trial court will undoubtedly
confront instances in which evidence admissible only on the extracontractual
claim would prejudice the insurer to such an extent that a fair trial on the
contract claim would become unlikely.  Id.  One example is where the insurer has made a
settlement offer on the disputed contract claim.  Id.  Allstate contends that because of its two
offers to settle this case with Driskell, the trial court had no discretion but
to sever the extracontractual claims from the contractual claim.

            Our supreme court has also specifically distinguished
severance and separate trials, sometimes referred to as bifurcation.  See Kansas Univ. Endowment Ass’n v.
King, 162 Tex. 599, 350 S.W.2d 11, 19 (1961).  Texas Rule of Civil Procedure 41 provides
authority for the severance of claims and states that “[a]ny claim against a
party may be severed and proceeded with separately.”  Tex.
R. Civ. P. 41.  Separate trials
are authorized by Texas Rule of Civil Procedure 174(b), which states, in
relevant part, that “[t]he court in furtherance of convenience or to avoid
prejudice may order a separate trial of any claim. . . .”  Tex.
R. Civ. P. 174(b).

            A severance divides the lawsuit into two or more separate
and independent causes.  Hall v.
City of Austin, 450 S.W.2d 836, 837-38 (Tex. 1970).  When this has been done, a judgment that
disposes of all parties and issues in one of the severed causes is final and
appealable.  Id. at
838.  An order for a separate trial
(bifurcation) leaves the lawsuit intact but enables the court to hear and
determine one or more issues without trying all controverted issues at the same
hearing.  Id.  The order entered at the conclusion of a
separate trial is often interlocutory, because no final and appealable judgment
can properly be rendered until all of the controlling issues have been tried
and decided.  Id.  The same jury hears both parts of a separate
or bifurcated trial.  See Transportation
Ins. Co. v. Moriel, 879 S.W.2d 10, 30 (Tex. 1994).  On the other hand, a suit severed into two
separate and distinct causes will be heard by two different juries.  See Akin, 927 S.W.2d at 630.

            Our two sister courts in Houston have previously
encountered a situation similar to that presented in the instant case.  See United States Fire Ins. Co. v.
Millard, 847 S.W.2d 668 (Tex. App.–Houston [1st Dist.] 1993, orig.
proceeding); State Farm Mut. Auto Ins. Co. v. Wilborn, 835 S.W.2d
260 (Tex. App.–Houston [14th Dist.] 1992, orig. proceeding).  These courts determined that without a
severance of the extracontractual claims from the contractual claims, both
parties would lose substantial rights.  Millard,
847 S.W.2d at 675; Wilborn, 835 S.W.2d at 262.  The supreme court cited these cases favorably
in Akin in its discussion of when severance of extracontractual
claims may be necessary.  See Liberty
Nat’l Fire Ins. Co., 927 S.W.2d at 630 (expressly concurring with
decisions in Millard and Wilborn).

            Without a severance of the contractual and
extracontractual claims, the dilemma presented where an insurer has made an
offer to settle a disputed contract claim has been explained as follows:

 

Either
a trial court refuses to admit evidence of settlement offers, thereby
acknowledging [a] defendant’s right under [Texas] Rule [of Civil Procedure] 408
to exclude such evidence but denying a plaintiff the right to use it to
establish essential elements of a bad faith claim; or the trial court admits
evidence of settlement offers, satisfying [a] plaintiff’s proof requirements
but abrogating [a] defendant’s right to exclude such evidence.

 

 

Millard, 847
S.W.2d at 673.  Only one decision can
protect all interests involved, and that is to order severance of the two types
of claims.  Wilborn, 835
S.W.2d at 262.  With this legal authority
before it, the trial court could have reached but one decision:  that Driskell’s extracontractual claims must
be severed from her contractual claim. 
Because it reached the opposite decision, the trial court abused its
discretion.

 

Abatement of Extracontractual Claims

            Allstate also contends that the trial court abused its
discretion in failing to abate Driskell’s extracontractual claims pending
determination of her contractual claim. 
As a general rule, a trial court’s decision to grant or deny a motion to
abate is within the court’s discretion.  See
Project Eng’g USA Corp. v. Gator Hawk, Inc., 833 S.W.2d 716, 724
(Tex. App.–Houston [1st Dist.] 1992, no writ). 
Allstate argues that the general rule is inapplicable here because “[w]ithout
abatement, the parties will be put to the effort and expense of conducting discovery
and preparing for trial of claims that may be disposed of in a previous trial.”  See Millard, 847 S.W.2d at
673.  Therefore, it concludes, judicial
efficiency and economy mandate abatement of Driskell’s extracontractual
claims.  Driskell reaches a contrary
conclusion arguing that unnecessary delay and added expense may be incurred
when abatement is allowed and some of the evidence may no longer be available
if discovery on the extracontractual claims is abated.

            We have carefully considered the arguments and
authorities presented by both parties. 
We are familiar with the cases holding that abatement is mandatory when
a trial court orders severance of the extracontractual claims from the
contractual claims.  However, we are also
mindful that the trial court has a duty to schedule its cases in such a manner
as to expeditiously dispose of them.  Clanton
v. Clark, 639 S.W.2d 929, 931 (Tex. 1982).  To facilitate this duty, the supreme court
has  stated that “the [trial] court is
given wide discretion in managing its docket, and we will not interfere with
the exercise of that discretion absent a showing of clear abuse.”  Id.          

            Here, the trial court ordered bifurcation of Driskell’s
contractual and extracontractual claims. 
Bifurcation eliminates the need to conduct discovery a second time in
the event the insured prevails on its contractual claim, thereby reducing the
delay in adjudicating all of the insured’s claims.  Thus, bifurcation facilitates the trial court’s
duty to expeditiously dispose of the cases on its docket.  However, as discussed above, bifurcation does
not protect the interests of the parties where the insurer has made an offer to
settle a disputed contract claim.  
Therefore, it is not an appropriate method of docket management under
the facts presented here.   

            Allowing discovery on both contractual and
extracontractual claims pending resolution of the contract claim also avoids
the expense of conducting discovery twice and the delay in adjudicating the extracontractual
claims.  Consequently, this option also
facilitates the trial court’s duty to expeditiously dispose of its cases.  However, Allstate contends that it should not
be required to expend the effort and incur the expense associated with
discovery and trial preparation relating to a claim that may be disposed of in
the trial of Driskell’s contractual claim. 
Driskell maintains that because of the nature of this case and the
necessary discovery, a single discovery phase may be more economically efficient
and enhance judicial economy.  

            The arguments of both parties are persuasive.  Consequently, we cannot say that the trial
court, after balancing the interests of the parties and its duty to
expeditiously dispose of the cases on its docket, could have reached only one
decision after considering these arguments. 
Therefore, Allstate has not shown that the trial court abused its
discretion in denying Allstate’s motion to abate.

                        

            Conclusion

            Based upon our review of the record and the foregoing
analysis, we conclude that the trial court should have severed Driskell’s
extracontractual claims from her contractual claim.  Appeal is an inadequate remedy for a failure
to sever contractual and extracontractual claims.  Millard, 847 S.W.2d at
675-76.  Accordingly, we conditionally
grant mandamus relief on Allstate’s motion to sever Driskell’s extracontractual
claims.  We trust that the trial court
will promptly vacate its order of May 3, 2006 denying Allstate’s motion to
sever Driskell’s extracontractual claims. 
The writ will issue only if the trial court fails to comply with this
court’s opinion and order within ten days. 
The trial court shall furnish this court, within the time for compliance
with this court’s opinion and order, a certified copy of its order evidencing
such compliance.  Our stay of May 10,
2006 is lifted.

            Writ conditionally granted as to Allstate’s motion
for severance and denied as to all other relief sought.

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

Opinion
delivered November 15, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(PUBLISH)











[1] Driskell is the real party in
interest.  The respondent is the
Honorable Bascom W. Bentley, III, Judge of the Second Judicial District Court,
Cherokee County, Texas.