Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-07-00878-CV

**IN RE TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**, et al.

Original Mandamus Proceeding[1]

## OPINION ON RELATORS' MOTION FOR REHEARING EN BANC

Opinion by: Steven C. Hilbig, Justice

Sitting en banc:   Alma L. López, Chief Justice
                   Catherine Stone, Justice
                   Karen Angelini, Justice
                   Sandee Bryan Marion, Justice
                   Phylis J. Speedlin, Justice
                   Rebecca Simmons, Justice
                   Steven C. Hilbig, Justice

Delivered and Filed:   September 17, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

In this mandamus proceeding, relators Travelers Lloyds of Texas Insurance Company,

Travelers Property & Casualty, the Travelers Lloyds Insurance Company, the Travelers Indemnity

Company of America, and Kevin Shelton (the Travelers entities) claim they are entitled to a writ of

mandamus directing the trial court to grant their motion for severance and abatement. After a panel

of this court denied mandamus relief in a memorandum opinion, relators filed a motion for rehearing

---

[1]This proceeding arises out of Cause No. 06-04-11250-ZCV, styled *Apolonio Moncada and Maria Moncada v. Travelers Lloyds of Texas Insurance Company, et al.*, pending in the 293rd Judicial District Court, Zavala County, Texas, the Honorable Cynthia L. Muniz presiding.

and a motion for rehearing en banc. We grant the motion for rehearing en banc, deny the motion for rehearing as moot, and withdraw the panel's earlier opinion and substitute this opinion in its place.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2006, relators were sued by homeowners Apolonio and Maria Moncada for contractual and extra-contractual claims, including violations of the common law duty of good faith and fair dealing, the Texas Insurance Code, and Deceptive Trade Practices Act (DTPA). In their petition, the Moncadas alleged they had made a claim under their homeowners insurance policy for hail and water damage and were paid $1500.00 on this claim. The Moncadas subsequently discovered additional damage to their house allegedly arising from the same loss. According to the Moncadas, the Travelers entities breached the insurance contract and mishandled the claim by failing to fully investigate the loss, underestimating the damage to their house, ignoring damage to the structure, concealing facts from them about the damage to their home, and misleading them about policy provisions.

On May 25, 2007, more than a year after the Moncadas filed suit, the Travelers entities made a settlement offer of $2000.00.[2] The Moncadas rejected the offer. Several weeks later, on June 13, 2007, the Travelers entities filed a motion requesting "a severance and abatement of Plaintiffs' extra-contractual damage claims from their breach of contract claim until such time that there has been a final, non-appealable resolution of Travelers' obligations, if any, under the insurance contract." Travelers also requested an order abating all discovery related to the extra-contractual claims. According to the motion, "[s]everance [was] required because evidence regarding Travelers'

---

[2]According to the offer, $1,000.00 would be paid to the Moncadas, and $1,000.00 would be paid to their attorney.

settlement offer is admissible to rebut Plaintiffs' extra-contractual 'bad-faith' claim; it is not, however, admissible with respect to the contract claim."

At the hearing below, the Travelers entities asserted they were entitled to a severance of the contractual and extra-contractual claims and focused on the prejudice that might result if a jury heard evidence of their settlement offer during the trial of the contract claim. The Travelers entities further asserted they were entitled to an abatement of the extra-contractual claims because the parties would be put to the effort and expense of conducting discovery on extra-contractual claims that could be rendered moot by the trial of the contractual claim. The Moncadas countered that severance and abatement were not required because their extra-contractual claims did not depend on the success of their contractual claim. As an alternative to severance and abatement, the Moncadas proposed a bifurcated trial. The Travelers entities acknowledged a bifurcated trial would "ameliorate[]" the prejudice and acknowledged that courts sometimes ordered bifurcation under the circumstances presented. Nevertheless, the Travelers entities opposed bifurcation.

After considering the arguments presented, the trial court denied the motion to sever and abate and ordered the Moncadas to submit an order. The record before us does not reflect that the Travelers entities objected to the Moncadas' proposed order, which included bifurcation provisions and was ultimately signed by the trial court.

The Travelers entities then turned to this court for mandamus relief. In their mandamus petition, the relators argue the trial court was required to grant their motion for severance and abatement because they had made a settlement offer. The Travelers entities insist bifurcation is never an acceptable substitute for severance. In response, the Moncadas contend the trial court had the discretion to deny the motion for severance and abatement under the facts and circumstances of this

case. The Moncadas further argue the trial court acted well within its discretion when it denied the motion and ordered a bifurcated trial.

## MANDAMUS PREREQUISITES

The extraordinary relief of mandamus is granted only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008). "With respect to resolution of factual issues or matters committed to the trial court's discretion . . . the reviewing court may not substitute its judgment for that of the trial court." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'" *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840).

## SEVERANCE OF CONTRACTUAL AND EXTRA-CONTRACTUAL CLAIMS

The severance of claims generally rests within the sound discretion of the trial court. *Id.* at 629; TEX. R. CIV. P. 41 (providing that "actions which have been improperly joined may be severed . . . on such terms as are just. Any claim against a party may be severed and proceeded with separately."). Claims are properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Federal Sav. Bank v. Horseshoe Oper. Co.*, 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons for a severance are to do justice, avoid prejudice, and promote convenience. *F.F.P. Oper. Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007); *id.*

In *Liberty National Fire Insurance Company v. Akin,* the leading Texas Supreme Court case involving the severance of contractual and extra-contractual claims, the court recognized insurance coverage claims and bad faith claims are by their nature independent. 927 S.W.2d at 629. "But, *in most circumstances*, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Id*. (emphasis added). In *Akin*, the supreme court analyzed the contractual and extra-contractual claims presented by the plaintiff and held the trial court did not abuse its discretion in denying the insurance company's motions for severance and abatement. While refusing to grant mandamus relief, the supreme court explained:

> A severance may nevertheless be necessary in some bad faith cases. A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. One example would be when the insurer has made a settlement offer on the disputed contract claim. As we have noted, some courts have concluded that the insurer would be unfairly prejudiced by having to defend the contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute. While we concur with these decisions, we hasten to add that evidence of this sort simply does not exist in this case. In the absence of a settlement offer on the entire contract claim, or other compelling circumstances, severance is not required.

*Id*. at 630 (citations omitted).

Importantly, while giving an example of a situation in which severance would be warranted, the supreme court did not address the use of a bifurcated trial in the circumstances presented here. A majority of the justices expressly refused to create a bright-line rule that would extinguish the trial court's discretion and require severance and abatement whenever requested by an insurer:

> [T]he dissent urges an inflexible rule that would deny the trial court all discretion and which would require severance in every case, regardless of the likelihood of prejudice. *Traditionally, severance has been reserved to the trial court's discretion, where we leave it today*. The dissent would carve out a special rule for bad faith

insurance cases. We see this usurpation of the trial court's discretion as unnecessary, unwise, and inefficient.

*Id*. (emphasis added).

Post-*Akin*, many Texas courts of appeals have held trial courts abused their discretion in denying motions to sever and abate extra-contractual claims and have granted mandamus relief to correct such an abuse of discretion. *See, e.g., In re Allstate Indem. Co.*, 05-03-01493-CV, 2003 WL 22456345, at *1 (Tex. App.—Dallas Oct. 30, 2003, orig. proceeding); *In re Trinity Universal Ins. Co.*, 64 S.W.3d 463, 468 (Tex. App.—Amarillo 2001, orig. proceeding [mand. denied]). Like many of our sister courts, this court has concluded a trial court abused its discretion in denying a motion to sever and abate extra-contractual claims and granted mandamus relief to correct the error. *In re Maryland Cas. Ins. Co.,* 04-06-00413-CV, 2006 WL 2135052, at *2 (Tex. App.—San Antonio Aug. 2, 2006, orig. proceeding).

In *Maryland*, we held the trial court abused its discretion in denying a motion to sever contractual and extra-contractual claims when a settlement offer had been made. *Id*. at *2. We concluded the insurer had no adequate appellate remedy because (1) the settlement offer, which normally would not be admitted in connection with the contractual claim, would need to be admitted in defending the extra-contractual claims, and (2) the court and the parties would be put to the expense and effort of preparing and trying extra-contractual claims that may be disposed of in the resolution of the breach of contract claim. *Id* at *1. As a result, we conditionally granted mandamus relief. *Id*. at *2.

Unlike the situation presented in *Maryland,* it is undisputed the Moncadas had a covered loss. The trial court could have reasonably concluded that a trial on the Moncadas' breach of contract

claim would not eliminate the need for a trial on their extra-contractual claims. *See In re Acceptance Indem. Ins.*, 09-08-00033-CV, 2008 WL 659438, at *2 (Tex. App.—Beaumont March 13, 2008, orig. proceeding) (concluding it was reasonable for the trial court to have concluded that a trial on the policyholder's contractual claims would not necessarily dispose of the policyholder's delayed payment claims); *see also Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (recognizing bad faith claims are generally negated by a lack of coverage under the insurance policy); *Akin*, 927 S.W.2d at 630-31 (recognizing that a judgment for the insurer on the coverage claim prohibits recovery premised only on the bad faith denial of a claim, but it does not necessarily bar all claims for bad faith). Under these circumstances, the primary justification for abatement of the extra-contractual claims—avoiding the effort and expense of conducting discovery on claims that may be rendered moot in a previous trial—is non-existent because the disposition of the contractual claim will not moot the extra-contractual claims.

Additionally, in *Maryland* the trial court did not attempt to fashion a remedy to the apparent prejudice occasioned by proof of a settlement offer during the trial of the contractual claim. Absent such action, we held it was an abuse of discretion to deny the motion for severance and abatement. Here, recognizing the potential for prejudice, the trial court ordered a bifurcated trial to remedy the prejudice.

### BIFURCATION AS AN ALTERNATIVE TO SEVERANCE

Severance and bifurcation are distinct trial procedures. *Hall v. City of Austin*, 450 S.W.2d 836, 837-38 (Tex. 1970). A severance divides the lawsuit into two or more separate and independent causes. *Id*. When this has been done, a judgment which disposes of all parties and issues in one of the severed causes is final and appealable. *Id*. An order for bifurcation, or separate trials, leaves the

lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same time. *Id.*

Rule 174(b) of the Texas Rules of Civil Procedure authorizes bifurcated trials. TEX. R. CIV. P. 174(b) ("The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."). Rule 174(b) contemplates one trial before one jury with separate parts. *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994); *Hyman Farm Serv., Inc. v. Earth Oil & Gas Co. Inc.*, 920 S.W.2d 452, 457-58 (Tex. App.—Amarillo 1996, no writ).

Several Texas courts of appeals have been confronted with the situation before us and have reviewed orders employing bifurcation as an alternative to severance and abatement of extra-contractual claims. Some of our sister courts have held the trial court did not abuse its discretion in employing bifurcation in lieu of severance and abatement. *See Acceptance Indemn. Ins. Co.*, 2008 WL 659438, at *1; *In re Allstate Texas Lloyd's*, 202 S.W.3d 895, 900 (Tex. App.—Corpus Christi 2006, orig. proceeding [mand. denied]). Others have concluded bifurcation was not an acceptable alternative to severance. *See In re Allstate Prop. and Cas. Ins. Co.,* 02-07-00141-CV, 2007 WL 1574964, at *1 (Tex. App.—Fort Worth May 30, 2007, orig. proceeding); *In re Allstate County Mut. Co.*, 209 S.W.3d 742, 746-47 (Tex. App.—Tyler 2006, orig. proceeding). We decline to follow the cases rejecting bifurcation.

Bifurcation has been embraced by the Texas Supreme Court to address evidence of a defendant's net worth, which has the potential to prejudice the jury's determination of disputed issues in a tort case. *See Moriel*, 879 S.W.2d at 30. We see no reason why bifurcation cannot be similarly

employed to address evidence of a settlement offer, which has the potential to prejudice the jury's determination of disputed issues in a breach of contract case. *See id.*; *In re Ben E. Keith Co., Inc.*, 198 S.W.3d 844, 851 (Tex. App.—Fort Worth 2006, orig. proceeding) (holding the trial court did not abuse its discretion by bifurcating, rather than severing, various claims into a second phase of trial).

The relators argue a bifurcated trial can never be substituted for severance. In making this argument, the relators speculate that a bifurcated trial will hamper voir dire on the settlement offer evidence and impede judicial economy. We disagree. Voir dire inquiries may address bias or prejudice, but may not be used to address how specific evidence such as settlement offer evidence may affect a verdict. *See Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 751-53 (Tex. 2006). Because the trial of the Moncadas' extra-contractual claims is unaffected by the outcome of their contractual claim, a single bifurcated trial preceded by unified discovery and pretrial proceedings promotes judicial economy better than severance and abatement. *See Allstate*, 2007 WL 1574964, at *1 ("[B]ifurcation facilitates the trial court's duty to expeditiously dispose of the cases on its docket."); *Allstate*, 209 S.W.3d at 746 ("Bifurcation eliminates the need to conduct discovery a second time in the event the insured prevails on its contractual claim, thereby reducing the delay in adjudicating all of the insured's claims.").

The Travelers entities also complain about the wording used by the trial court in its bifurcation order. While we agree the bifurcation provisions recited in the trial court's order are not a model of clarity, we note the Travelers entities had ample opportunity to object to the proposed order and failed to do so.[3] Because the relators' complaints about the bifurcation provisions in the

_____

[3]The trial court delayed the signing of the Moncadas' proposed order to provide the Travelers entities an opportunity to submit their own proposed order. The record does not show the Travelers entities submitted a proposed order, nor does it show the Travelers entities objected to the order proposed by the Moncadas.

trial court's order were not presented to the trial court, they are not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A) ("As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."); *Shafer v. Bedard*, 761 S.W.2d 126, 129 (Tex. App.—Dallas 1988, orig. proceeding) ("[A] party is not entitled to relief in mandamus when, had [it] raised the same point on appeal, [it] would be deemed to have waived the point.").

We recognize matters of severance and bifurcation affect a trial court's management and control of its docket. A trial court is obliged to schedule its cases in such a manner as to expeditiously resolve them, and a trial court is given broad discretion in managing its docket. *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). Given the many competing interests involved—fairness to the parties, judicial economy, and the trial court's right to manage and control its docket—we cannot say severance and abatement was the only valid procedure available to the trial court under the facts and circumstances of this case.

## CONCLUSION

It was incumbent upon the Travelers entities to demonstrate the trial court could reasonably have reached only one decision. *See Akin*, 927 S.W.2d at 630. We conclude the relators have not met this burden. Because we conclude the trial court did not act outside the boundaries of its discretion in ordering a bifurcated trial under the facts and circumstances of this case, the relators' petition for a writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

Steven C. Hilbig, Justice