

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00031-CV

_____

IN RE:  DONALD REID

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Donald Reid, one of several defendants in a lawsuit brought by Willie Garvin, asks this Court to issue a writ of mandamus directing the district court to grant his motion and sever his portion of the underlying lawsuit from the other defendants.

Garvin sued Mo Money and Reid for debt from loans to Mo Money which had been guaranteed by Reid. Garvin also sued Reid alleging Reid fraudulently induced him to transfer stock of Arktex Medical, Inc. In exchange for the stock transfer, Garvin contends Reid was to pay Mo Money one-half of the balance Garvin owed to Mo Money, not to exceed $1.2 million.

Reid sought to sever the two actions. The trial court denied the severance request.

"Mandamus is the appropriate avenue by which a party may seek review of a trial court's order regarding severance." *In re Liu*, 290 S.W.3d 515, 518 (Tex. App.—Texarkana 2009, orig. proceeding) (citing *In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d 646, 650 & n.12 (Tex. App.—El Paso 1999, orig. proceeding)). "We may grant the extraordinary relief of mandamus only when the record brought forth demonstrates that the trial court has clearly abused its discretion and that the relator lacks an adequate appellate remedy." *Id.* (citing *In re Team Rocket, L.P.*, 256 S.W.3d 257 (Tex. 2008) (orig. proceeding); *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding)). "A trial court does not abuse its discretion unless the judge acts without reference to guiding rules and principles or acts in a manner that is arbitrary and unreasonable." *Id.* at 518–19 (citing *Colonial Pipeline Co.*, 968 S.W.2d at 941; *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *Worford v. Stamper*, 801

2

S.W.2d 108, 109 (Tex. 1990); *Sw. Health Plan, Inc. v. Sparkman*, 921 S.W.2d 355, 357 (Tex. App.—Fort Worth 1996, no writ)).

"Severance divides a lawsuit into two or more separate and independent causes of action." *Id.* at 519–20 (citing *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970)). "When a trial court grants a severance, the separated causes of action typically proceed to individual judgments—judgments that are themselves separately final and appealable." *Id.* at 520 (citing *Hall*, 450 S.W.2d at 838). "Causes of action that have been severed from each other into independent lawsuits will be heard by different juries." *Id.* (citing *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996)).

The decision to sever, however, is an exercise of discretion. *Id.* at 518; *In re Foremost Ins. Co.*, 966 S.W.2d 770, 771 (Tex. App.—Corpus Christi 1998, orig. proceeding); *see* TEX. R. CIV. P. 41. In reviewing the exercise of that discretion, we focus on three factors that have been consistently recognized as controlling by courts.

> A trial court properly exercises its discretion in severing claims when: (1) the controversy involves more than one cause of action; (2) the severed claim is one that could be asserted independently in a separate lawsuit; and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues.

*Guar. Fed. Sav. Bank v. Horseshoe Op. Co.*, 793 S.W.2d 652, 658 (Tex. 1990). The reasons for severing claims are to do justice, avoid prejudice, and further convenience. *Liu*, 290 S.W.3d at 520 (citing *Akin*, 927 S.W.2d at 629; *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658)).

"The issue of whether a trial court should or should not grant a severance motion is ultimately a question of law." *Id.* (citing *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658–59). "When

considering whether to grant a severance motion, the trial court must generally accept the plaintiff's pleadings as true and then determine whether severance is appropriate." *Id.* (citing *Jones v. Ray*, 886 S.W.2d 817, 820 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding)). "If the trial court's decision to grant or deny a party's severance motion fell within the wide zone of reasonable agreement, the appellate court reviewing that decision within the context of a mandamus proceeding should not conclude the lower court abused its discretion." *Id.* Given that the trial court must generally accept the plaintiff's pleadings as true, the only remaining dispute concerns the legal consequences stemming from those accepted-as-pleaded facts." *Id.*

As acknowledged by the trial judge in this case, there are multiple causes of action, and claims are clearly separable. Further, it is apparent that a jury trial including all of these causes of action would be an involved matter, as would the jury charge attempting to parse out the various issues in a way that the jury could understand and apply. The trial court was authorized to sever these causes of action, but we find nothing in the record that demonstrates an abuse of discretion in failing to sever them. Generally, to mandate a severance, the movant must show prejudice that may result from a joint trial. *Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 194 (Tex. App.—Corpus Christi 1993, orig. proceeding). No presumption exists that the mere joining of such contract and tort actions creates a conflict necessarily requiring a severance. *Id.*

This case involves causes of action which have a common thread. There was a chain of events linking each of the alleged wrongful acts in this case to the next. The same parties are involved, and the transactions have some connection. The two actions provide context for the series of events involved and may provide some evidentiary support for each other.

4

The question in this case, however, is whether the trial court abused its discretion or made a mistake as a matter of law by refusing to sever. The question is not whether the lower court's decision is the same one that we would have made, but whether it was within the court's discretionary authority.

We conclude that there are factors that support the trial court's decision to sever these claims as well as considerations that would have supported the opposite decision. In such a situation, we cannot conclude that the trial court abused its discretion by declining the request to sever or that severance was required as a matter of law.

We deny the petition.

Jack Carter
Justice

Date Submitted:     May 21, 2013
Date Decided:       May 22, 2013

5