

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00060-CV

MALEY TAYLOR AND TERESA BENNETT-TRAMMELL, Appellants

V.

LEO B. SMITH, JR. D/B/A HARDCORE CONSTRUCTION,
SHARON MCCOWAN-SMITH, MICHAEL MITCHELL
AND ERNESTICA BERNICE MOSS SUELL A/K/A TINA SUELL, Appellees

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0508

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Maley Taylor and Teresa Bennett-Trammell, appellants, have filed an appeal from the trial court's April 4, 2013, order granting summary judgment to appellees Leo B. Smith, Jr., and Sharon McCowan-Smith. The clerk's record was received by this Court on May 30, 2013.

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ." *Id.* Generally, an interlocutory judgment becomes final when it merges into the final judgment disposing of the entire case. *See Roccaforte v. Jefferson County*, 341 S.W.3d 919, 924 (Tex. 2011).

This appeal was taken from the trial court's April 4, 2013, order granting summary judgment to appellees, Leo B. Smith, Jr. and Sharon McCowan-Smith. The order being appealed from, however, does not dispose of two named parties, Michael Mitchell and Ernestica Bernice Moss Suell, a/k/a Tina Suell, or any claims filed against or made by them, and there is nothing in the record that establishes disposition of the claims against these two parties. Further, neither the April 4 order at issue nor the record as a whole suggests that a severance was ever granted. "[S]everance divides [a] lawsuit into two or more separate and independent [causes of action]." *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970). "When a trial court grants a severance, the separated causes of action typically proceed to individual judgments—judgments that are themselves separately final and appealable." *In re Liu*, 290 S.W.3d 515, 520 (Tex. App.—Texarkana 2009, orig. proceeding) (citing *Hall*, 450 S.W.2d at 838).

2

By letter dated May 31, 2013, we informed appellants of these defects and directed them to show this Court how it had jurisdiction over this appeal. We further informed the appellants that their failure to respond by June 10, 2013, would result in dismissal of the appeal for want of jurisdiction. We have received nothing from the appellants.

We find that the trial court's April 4, 2013, order was not final and appealable and that, consequently, we are without jurisdiction over this appeal. We dismiss the appeal for want of jurisdiction.

Jack Carter
Justice

Date Submitted:     July 2, 2013
Date Decided:      July 3, 2013