**DISMISS; and Opinion Filed August 12, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-19-00484-CV

_____

## IN THE INTEREST OF D.S., A CHILD

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-14244**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

By letter dated June 4, 2019, the Court questioned its jurisdiction over this appeal as there does not appear to be a final judgment. We instructed the parties to file letter briefs addressing our concern. The parties complied.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all parties and claims. *See id.*

On January 29, 2019, the trial court signed two orders. In the first order, the trial court ordered a bifurcated trial on the issue on the validity and enforceability of the alleged partition and exchange agreement between the parties. In that order, the trial court stated that "all issues of or relating to a just and right division of the estate, and enforcement of the premarital agreement, are expressly reserved." In the second order that is the subject of this appeal, the trial court disposed of the issue relating to the alleged partition and exchange agreement and

determined that it was not valid. In this order, the trial court states: "IT IS ORDERED that this is a final Order that disposes of the sole issue of whether the Partition and Exchange agreement relied upon by Respondent is not valid or enforceable, is a final Order is all respects, and is appealable."

In their respective letter briefs, the parties agree the judgment is not final. Appellant explains that he appealed out of an "abundance of caution." Appellant was concerned that because of the finality language in the appealed order, the order for a bifurcated trial could be construed as a severance order. A separate trial and a severance are two different procedures. *See In re Ben E. Keith Co.*, 198 S.W.3d 844, 850 (Tex. App.—Fort Worth 2006, orig. proceeding). A severance order divides a lawsuit into two or more separate and independent causes, and a judgment that disposes of all parties and issues in one of the severed causes is a final and appealable order. *See Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970). An order for a separate trial, however, leaves the lawsuit intact but results in one trial with separate parts. *See id.* at 838.

The appealed order is not a final judgment as issues relating to a just and right division of the estate and enforcement of the premarital agreement remain to be resolved. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190484F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF D.S., A CHILD

No. 05-19-00484-CV

On Appeal from the 301st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-16-14244.
Opinion delivered by Justice Schenck.
Justices Osborne and Reichek participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee DAWN WEEKS SPALDING recover her costs of this appeal from appellant STEPHEN SPALDING.

Judgment entered this 12th day of August, 2019.