

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-25-00098-CV

IN RE: ESTATE OF SHERRI MICHELE GILLETTE, DECEASED

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 112127-C-CV, Honorable Ana Estevez, Presiding

April 15, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Paul Gillette, proceeding pro se, appeals from the trial court's *Partial Summary Judgment* made final by the subsequent *Order on Motion to Sever*. We dismiss the untimely appeal for want of jurisdiction.

This appeal arises from a suit for declaratory judgment concerning the estate of Sherri Michele Gillette, trial court cause number 111774-C-CV. On April 30, 2024, the trial court granted partial summary judgment to Appellee, Dwayne Herring. Herring later moved to sever "claims adjudicated in the *Partial Summary Judgment* from the counterclaims of Paul against Dwayne in the above-styled and numbered cause in order that the *Partial Summary Judgment* may become a final judgment." On May 3, 2024, the

trial court signed the *Order on Motion to Sever*, severing all adjudicated claims into trial court cause number 112127-C-CV and creating a final judgment in the new cause.[1]  *See Hall v. Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970) ("A severance divides the lawsuit into two or more separate and independent causes.  When this has been done, a judgment which disposes of all parties and issues in one of the severed causes is final and appealable.").

The trial court signed the severance order on May 3, 2024.  Notice of appeal was due within thirty days after the judgment was signed or within ninety days upon the timely filing of a motion for new trial.  TEX. R. APP. P. 26.1(a).  To be timely, a motion for new trial was due within thirty days after the judgment was signed, by June 3, 2024.  *See* TEX. R. CIV. P. 4, 329b(a).  Gillette filed a "Motion for New Trial/Motion to Vacate Final Judgment" on January 31, 2025.  Because the motion for new trial was untimely, it did not extend the notice of appeal deadline.  A notice of appeal was, therefore, due within thirty days after the judgment was signed, by June 3, 2024.  Paul filed a notice of appeal on March 6, 2025.

A timely notice of appeal is essential to invoking this Court's jurisdiction.  *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997).  Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case.  *See*

---

[1] The remaining claims in trial court cause 111774-C-CV were later disposed of by the *Final Summary Judgment* signed on December 3, 2024.  Paul appealed the *Final Summary Judgment* to this Court in appellate cause number 07-25-00097-CV.

2

*Verburgt*, 959 S.W.2d at 616–17; TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal).

By letter of March 14, 2025, we notified Paul that his notice of appeal appeared untimely and directed him to file a response by March 24 showing grounds for continuing the appeal or the appeal would be dismissed for want of jurisdiction. To date, Paul has not a filed a response or had any further communication with this Court.

Accordingly, the appeal is dismissed for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam