

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**
**NO. 02-11-00248-CV**

IN RE TEXAS DEPARTMENT OF                                          RELATOR
FAMILY AND PROTECTIVE
SERVICES

----------

## ORIGINAL PROCEEDING

----------

## OPINION

----------

## I. INTRODUCTION

Relator Texas Department of Family and Protective Services (TDFPS) filed a petition for writ of mandamus requesting this court to order the associate judge and the county court at law judge (1) to vacate the June 10, 2011 order for a monitored return of M.P., a child, to his mother and (2) to issue a ruling by a certain date in the final bench trial involving the termination of the parent-child relationship between M.P. and his parents. We will conditionally grant the petition in part and deny the petition in part.

## II. BACKGROUND

On September 10, 2009, TDFPS filed its original petition for protection of a child, M.P.; for conservatorship; and for termination in suit affecting the parent-child relationship. On October 16, 2009, after a full adversary hearing, the associate judge found a continuing danger to the physical health or safety of M.P. and named TDFPS temporary managing conservator of M.P. Close to a year later, on September 9, 2010, the associate judge ordered a monitored return of M.P. to Mother and set a new dismissal date of February 12, 2011. Approximately two and a half months later, however, on November 30, 2010, the associate judge issued a monitored return disruption order, finding that M.P. had been removed from the monitored return placement with Mother and that Mother was no longer able to provide M.P. with a safe environment. The associate judge consequently set a new dismissal date of May 15, 2011.

The final bench trial on the termination of the parent-child relationship between M.P. and his parents commenced on May 9, 2011. On May 11, 2011, TDFPS, Mother, Father, and the attorney ad litem for M.P. rested and made closing arguments. The associate judge reserved her ruling for a later date. At a hearing on May 20, 2011—five days after the May 15, 2011 dismissal date—the associate judge explained to the parties that she was ordering a monitored return of M.P. to his mother and that she would give the parties an opportunity to reopen the evidence in the termination trial at the conclusion of the monitored return. The associate judge stated in relevant part as follows:

Basically, I have a real problem with ruling just out straight in this case, so what I'm going to do - - And I have conferred with some sources around the State, so I think that I'm within my grounds to do this.

I am going to order in the middle [of] this final hearing, a monitored return, and . . . I will reserve a ruling of any kind on the final hearing.

. . . .

So I'm going to reserve the ruling. What I'm going to ask all of you to do . . . is either stipulate or enter a Rule 11, whichever y'all would like to do, as to the court reporter's record, okay?

And in that, what it would do is that it would be admitted as a - - as an exhibit . . . either in a subsequent temporary hearing or upon the continuation of a trial in what I'm continuing here today. And that would be my allowing y'all to re-open testimony because all that you did was rest and I took it under advisement, and I believe the law does allow us to let you re-open testimony.

By allowing you to re-open evidence, though, that will be only for matters that transpire after the last date evidence was admitted in the trial so far.

On June 10, 2011, the associate judge signed an order for a monitored return of M.P. to his mother and set a new dismissal date of November 15, 2011. TDFPS appealed the order to the county court at law number one, which signed an order adopting the June 10, 2011 monitored return order but granted TDFPS's motion for emergency stay, pending our review of this petition.

### III. STANDARD OF REVIEW

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses

3

its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Prudential*, 148 S.W.3d at 135. We may not substitute our decision for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *Walker*, 827 S.W.2d at 839–40.

## IV. JURISDICTION

The county court at law adopted the associate judge's June 10, 2011 monitored return order, and this court has mandamus jurisdiction over a county court. *See* Tex. Gov't Code Ann. § 22.221(b) (West 2004). However, to the extent that TDFPS asks us to issue a writ of mandamus not only against the county court at law but also against the associate judge, we do not have mandamus jurisdiction over an associate judge.[1] *See id.* (providing for mandamus jurisdiction over a judge of a district or county court); *In re Walker*, No. 01-08-00253-CV, 2008 WL 1830400, at *1 (Tex. App.—Houston [1st Dist.] Apr. 18, 2008, orig. proceeding) (mem. op.). Therefore, we dismiss the claims, if any, against the associate judge.

---

[1]TDFPS states in its petition that it "has no meaningful option but to ask this Court to vacate the Referring Court *and the CPC's* illegal monitored return order." [Emphasis added.]

4

## V. MONITORED RETURN

In its second issue, TDFPS challenges the June 10, 2011 monitored return order, arguing "that the monitored return issued *after* the mandated dismissal date is an illegal, void order that does not extend the timeframe in this case."

Family code section 263.403 governs monitored returns. Tex. Fam. Code Ann. § 263.403 (West 2008); *see In re J.W.M.*, 153 S.W.3d 541, 544–45 (Tex. App.—Amarillo 2004, pet. denied) (discussing facts of appeal in context of family code section 263.403). Subsection (a) of the statute provides as follows:

> (a) Notwithstanding Section 263.401, the court may retain jurisdiction and not dismiss the suit or render a final order as required by that section if the court renders a temporary order that:
>
> (1) finds that retaining jurisdiction under this section is in the best interest of the child;
>
> (2) orders the department to return the child to the child's parent;
>
> (3) orders the department to continue to serve as temporary managing conservator of the child; and
>
> (4) orders the department to monitor the child's placement to ensure that the child is in a safe environment.[2]

Tex. Fam. Code Ann. § 263.403(a). If the trial court renders such an order, subsection (b) requires the court to "(1) include in the order specific findings

---

[2]Family code section 263.401 provides that unless the trial court has commenced the trial on the merits or granted an extension, it must dismiss the suit on the first Monday after the first anniversary of the date the court rendered a temporary order appointing TDFPS temporary managing conservator in a suit affecting the parent-child relationship. Tex. Fam. Code Ann. § 263.401(a), (b) (West 2008).

5

regarding the grounds for the order" and "(2) schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit unless a trial on the merits has commenced." *Id.* § 263.403(b). Subsection (c) of section 263.403 addresses when a monitored return is disrupted and the child is returned to the care of TDFPS and requires the trial court to set a new dismissal date, stating as follows:

> (c)     If a child placed with a parent under this section must be moved from that home by the department before the dismissal of the suit or the commencement of the trial on the merits, the court shall, at the time of the move, schedule a new date for dismissal of the suit unless a trial on the merits has commenced. The new dismissal date may not be later than the original dismissal date established under Section 263.401 or the 180th day after the date the child is moved under this subsection, whichever date is later.

*Id.* § 263.403(c).

Our analysis of this issue is guided by well-established rules of statutory construction. The primary objective when construing a statute is to give effect to the legislature's intent. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We rely on the plain and common meaning of the text unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). Every word of a statute must be presumed to have been used for a purpose, and every word excluded from a statute must be presumed to have been excluded for a purpose. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). We must not engage in a forced or strained construction of the statute; instead, we must yield to the plain sense of

6

the words that the legislature chose. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997) (citing *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985)).

The record demonstrates that the associate judge complied with the requirements of family code section 263.403 up until she ordered a monitored return of M.P. to his mother after the dismissal date had passed. Specifically, the associate judge timely ordered a monitored return of M.P. to his mother on September 9, 2010. In the order, the associate judge included the required findings set out in section 263.403(a) and, as required by section 263.403(b), included the specific findings regarding the grounds for the order and set a new dismissal date of February 12, 2011. *See* Tex. Fam. Code Ann. § 263.403(a), (b). On November 30, 2010, the associate judge signed a monitored return disruption order. Consistent with section 263.403(c), the associate judge set a new dismissal date of May 15, 2011—a date not later than the 180th day after the date that the monitored return was disrupted. *See id.* § 263.403(c). On May 20, 2011, after the final termination trial had commenced and after the May 15, 2011 dismissal date had passed, the associate judge ordered a monitored return of M.P. to his mother. The associate judge subsequently signed an order for the monitored return, which the county court at law adopted. Significantly, there is

no contention by any party that the monitored return was ordered under any authority other than family code section 263.403.[3]

Although section 263.403 allows the trial court to retain jurisdiction and enter an order for the monitored return of a child beyond the provisions of family code section 263.401, *see J.W.M.*, 153 S.W.3d at 545, section 263.403 contains its own dismissal date requirements that the trial court "shall" abide by. *See* Tex. Fam. Code Ann. § 263.403(c); *see also Wichita Cnty., Tex. v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996) (stating that the court has "noted that the Legislature's use of the word 'shall' in a statute generally indicates the mandatory character of the provision"). Simply put, no part of the plain and unambiguous terms of section 263.403 permits a trial court to order a monitored return after the dismissal date established by subsection (c) of section 263.403 has passed. *See* Tex. Fam. Code Ann. § 263.403(c).

When the associate judge announced that she was ordering a monitored return, she stated that she was doing so "in the middle [of] this final hearing," and she also said, "I think I can do this in the middle of this." Subsection (c) of section 263.403 requires the trial court to schedule a new date for dismissal of the suit "unless a trial on the merits has commenced." Tex. Fam. Code Ann. § 263.403(c); *see also* Tex. Fam. Code Ann. § 263.401(a), (b) (requiring

---

[3]We also note that because there is no final judgment in the termination trial, it would be premature to consider the various options that the trial court has when it does render judgment in the termination suit. *See* Tex. Fam. Code Ann. §§ 161.205, 161.206, 263.404 (West 2008).

dismissal "[u]nless the court has commenced the trial on the merits"). The associate judge thus appeared to rely on section 263.403(c)'s "unless a trial on the merits has commenced" language as authority for ordering the post-dismissal date monitored return because M.P.'s termination trial had commenced before the May 15, 2011 dismissal date. However, we cannot agree that the legislature intended that section 263.403(c) be used to permit a trial court to bypass the dismissal date and order a monitored return so long as the final trial on the merits has commenced before the dismissal date. Such a constrained construction necessarily renders meaningless the purpose of section 263.403(c), which is to set a date certain for dismissal of the suit or to bring the suit to a final resolution following a trial on the merits. If the legislature had intended to vest the trial court with the discretion to order a monitored return after the dismissal date had passed but prior to rendering judgment in a trial commenced before the dismissal date, it could have easily done so by specifically authorizing that action by the trial court. But it did not, and we must presume that the legislature excluded such language from section 263.403 for a purpose—that purpose being bringing finality to the termination suit.

Real parties in interest argue that there was no abuse of discretion in ordering the monitored return after the dismissal date because "[t]here is nothing in Section 263.403 that requires that the monitored return be ordered prior to the dismissal date of May 15, 2011." We disagree. The statute requires the trial court to schedule a date "for dismissal of the suit" in no less than two subsections

9

of section 263.403. Tex. Fam. Code Ann. § 263.403(b), (c). Considering the statute's language as a whole, we construe section 263.403 to deny the trial court authority to order a monitored return after the date for which the suit is scheduled for dismissal.

Real parties in interest argue that "[a]s long as the [trial court] retains jurisdiction, it has the authority to issue any orders, temporary or final, it deems appropriate," but they provide no authority for this contention.

We hold that the county court at law clearly abused its discretion by ordering a monitored return of M.P. to his mother after the May 15, 2011 dismissal date had passed. Accordingly, we sustain TDFPS's second issue.

## VI. RENDITION

In its first issue, TDFPS argues that the associate judge abused her discretion by refusing to issue a final ruling after all of the parties rested and closed the evidence at the final termination bench trial. It contends that the associate judge had only three choices when the parties rested and closed—(1) termination, (2) permanent managing conservatorship, or (3) sending M.P. home—and that she "refused to exercise her discretion between [the] three choices."

To the extent that this issue is subsumed within the county court at law's adoption of the monitored return order,[4] at the hearing on May 20, 2011, the

---

[4]Otherwise, we do not have mandamus jurisdiction over the associate judge.

10

associate judge did not inform the parties that she was refusing to render judgment and then send them on their way with no further orders. Rather, the record is clear that the associate judge ordered a monitored return of M.P. to his mother, continued the trial, and informed the parties that they would have an opportunity to reopen the evidence and elicit testimony regarding matters that transpired since the last day of testimony. Thus, the associate judge did not render judgment, but she did not do so only because she was operating under the impression that the case was ongoing and not yet ripe for judgment— because she had ordered a monitored return and continued the trial. We have determined in this original proceeding that the county court at law abused its discretion by ordering a monitored return. Now that this issue has been addressed and resolved, the case is ripe for judgment. All parties have rested and closed, but there has been no motion for judgment filed. Accordingly, at this stage of the litigation, and in light of the unique procedural history of this case, we decline to direct the trial court to do something (render a judgment) that it has not specifically been requested to do and has not yet refused to do.[5] *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (reasoning that

---

[5]The mandamus cases that TDFPS cites relating to a trial court's refusal to rule on a pending motion are therefore inapposite. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding); *In re Mission Consol. ISD*, 990 S.W.2d 459, 461 (Tex. App.—Corpus Christi 1999, orig. proceeding [mand. denied]); *In re Maasoumi*, No. 05-08-01074-CV, 2008 WL 4881328, at *3 (Tex. App.—Dallas Nov. 13, 2008, orig. proceeding) (mem. op.).

11

mandamus relief generally requires a predicate request for an action and a refusal of that request). We overrule TDFPS's first issue.

## VII. CONCLUSION

The monitored return order is interlocutory, and there is no statute that authorizes an interlocutory appeal of the order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008) (listing appealable interlocutory orders); Tex. Fam. Code Ann. § 105.001(e) (West 2008) (stating that temporary orders are not subject to interlocutory appeal); *J.W.M.*, 153 S.W.3d at 544 (describing monitored return order as a temporary order). Considering all of the pertinent facts of the case, including that the associate judge expressed an intention to allow the parties to reopen the evidence in the termination trial and elicit additional testimony, the benefits to mandamus are not outweighed by the detriments, if any. *See Prudential*, 148 S.W.3d at 136. Thus, TDFPS has no adequate remedy by appeal.

Having sustained TDFPS's second issue, we conditionally grant a writ of mandamus directing the county court at law to vacate the June 10, 2011 order for a monitored return of M.P. to his mother—leaving the case ripe for a final judgment. A writ will issue only if the court fails to do so.

BILL MEIER
JUSTICE

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DELIVERED: August 11, 2011