**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed May 15, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00410-CV

———————

## IN RE J.W.B., A CHILD, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-07959J**

---

## M E M O R A N D U M   O P I N I O N

On May 2, 2012, relator filed an amended petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.1. In the amended petition, relator asks this court to order the respondent, the Honorable Michael Schneider, presiding judge of the 315th District Court of Harris County, to vacate temporary orders granting sole managing conservatorship of J.W.B. to the Texas Department of Family and Protective Services. Relator also requests a stay of the underlying trial proceedings. Because the temporary orders were signed by an associate judge and not adopted by the referring court, we dismiss the petition for writ of mandamus.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221. We do not have jurisdiction over an associate judge. *In re Texas Dept. of Family and Protective Servs.*, 348 S.W.3d 492, 495 (Tex. App.—Fort Worth 2011, orig. proceeding); *In re Reynolds*, No. 14-11-00002-CV; 2011 WL 32208 (Tex. App.—Houston [14th Dist.] Jan. 4, 2011, orig. proceeding) (mem. op.).

On April 19, 2012, we dismissed relator's petition for writ of mandamus for want of jurisdiction. *See In re J.W.B., a child*, No. 14-12-00342-CV; 2012 WL 1380245 (Tex. App.—Houston [14th Dist.] Apr. 19, 2012, orig. proceeding) (mem. op.). Relator filed a motion for rehearing in that cause and filed this amended petition, which has been docketed in a separate cause number. In the motion for rehearing and in this amended petition, relator alleges that the order she complains of automatically became the order of the referring court; therefore, this court has jurisdiction to issue mandamus against the respondent.

In support of her proposition, relator cites section 201.1041(a) of the Texas Family Code, which falls within subchapter B of chapter 201 of the Family Code. Subchapter B is entitled, "Associate Judge for Title IV-D Cases." Section 201.1041(a) provides:

> (a) If a request for a de novo hearing before the referring court is not timely filed or the right to a de novo hearing before the referring court is waived, the proposed order or judgment of the associate judge, other than a proposed order or judgment providing for enforcement by contempt or the immediate incarceration of a party, shall become the order or judgment of the referring court by operation of law without ratification by the referring court.

This case is not a Title IV-D case. The applicable provision of the Family Code in this case is section 201.013(b) of the Family Code, which provides:

> Except as provided by Section 201.007(c), if a request for a de novo hearing before the referring court is not timely filed or the right to a de novo hearing

2

> before the referring court is waived, the proposed order or judgment of the associate judge becomes the order or judgment of the referring court only on the referring court's signing the proposed order or judgment.

Before the order becomes the order of the referring court in this case, the referring court must have signed the proposed order or judgment. *See* Tex. Fam. Code Ann. § 201.013(b). Because the order was not signed by the referring court, but only the associate judge, this court does not have mandamus jurisdiction.

Accordingly, the petition for writ of mandamus is ordered dismissed and relator's request for stay is denied.

PER CURIAM

Panel consists of Justices Frost, Jamison, and McCally.