**Dismiss; and Opinion Filed May 11, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00565-CV

### IN RE SYDNEY OBERHEIDEN, Relator

**Original Proceeding from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-10037**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Brown
Opinion by Justice Lang

Relator filed this petition for writ of mandamus seeking relief from an April 21, 2015 temporary order[1] signed by the associate judge in this suit affecting the parent-child relationship. Texas intermediate appellate courts are granted limited mandamus jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004). Appellate courts may issue writs of mandamus "agreeable to the principles of law regulating those writs" only against judges of district or county courts in the court of appeals district or against a judge of a district court who is acting as a magistrate at a court of inquiry. TEX. GOV'T CODE ANN. § 22.221(b).[2] As a result, this Court does not have mandamus jurisdiction over the associate judge. *In re Penney*, No. 05-14-00503-CV, 2014 WL

---

[1] In a suit affecting the parent-child relationship, a court may make temporary orders for the safety and welfare of the child including an order for the payment of attorney's fees and expenses. TEX. FAM. CODE ANN. § 105.001(a)(5) (West 2014). An associate judge may properly sign a temporary order without further action by the trial judge. TEX. FAM. CODE ANN. § 201.007 (West 2014) (granting associate judge power to render and sign temporary orders).

[2] Appellate courts may also issue writs of mandamus necessary to enforce the jurisdiction of the court. *See* TEX. GOV'T CODE ANN. § 22.221(a) (granting court of appeals power to "issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court). The associate judge's order does not present a threat to this court's jurisdiction over a pending appeal.

2532307, at *2 (Tex. App.—Dallas June 4, 2014, orig. proceeding) (court lacked jurisdiction to grant writ of mandamus compelling associate judge to vacate order); *In re Davis*, No. 05-14-00841-CV, 2014 WL 3052478, at *1 (Tex. App.—Dallas July 3, 2014, orig. proceeding) (same); *see also Graham v. Graham,* 414 S.W.3d 800, 801 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (courts of appeals do not have mandamus jurisdiction over actions of associate judge); *In re Texas Dept. of Family & Protective Servs.,* 348 S.W.3d 492, 495 (Tex. App.—Fort Worth 2011, orig. proceeding) (same); *Welder v. Fritz,* 750 S.W.2d 930, 932 (Tex. App.—Corpus Christi 1988, no writ) (jurisdiction of courts of appeals to issue writs of mandamus is limited to writs against judges of district and county courts within district and family law master is neither of these).

We **DISMISS** the petition for lack of jurisdiction.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

150565F.P05