**Petition for Writ of Mandamus Denied, in Part, Dismissed, in Part, and Memorandum Opinion filed October 13, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00811-CV

---

### IN RE EDWARD H. SHACKELFORD, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**310th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-49719**

---

### MEMORANDUM OPINION

On September 29, 2015, relator Edward H. Shackelford filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator named the Honorable Lisa A. Millard, presiding judge of the 310th District Court of Harris County, and the

Honorable Conrad L. Moren, associate judge of the 310th District Court, as respondents. Relator asks this court compel respondents to vacate the June 16, 2015 final divorce decree and order respondents to hold an evidentiary hearing on the enforceability of the mediated settlement agreement.

Section 22.221 of the Texas Government Code governs this court's mandamus jurisdiction. *See* Tex. Gov't Code Ann. § 22.221. Section 22.221 expressly limits mandamus jurisdiction of the courts of appeals to (1) writs against a district or county judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. *See id.* A court of appeals' jurisdiction does not include writs against associate judges. *See Graham v. Graham*, 414 S.W.3d 800, 802 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding courts of appeals lack mandamus jurisdiction over an associate judge.); *In re Tex. Dep't of Family & Protective Servs.*, 348 S.W.3d 492, 495 (Tex. App.—Fort Worth 2011, orig. proceeding) (dismissing petition for writ of mandamus against associate judge for lack of jurisdiction). Therefore, this court does not have jurisdiction to issue a writ of mandamus against Judge Moren.

As to Judge Millard, relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). Judge Millard signed a final divorce decree in this case. In light of the final decree, we conclude that relator has an adequate remedy by appeal. Therefore, relator has not shown that he is entitled to a writ of mandamus against Judge Millard.

2

Accordingly, we dismiss relator's petition for writ of mandamus against Judge Moren for lack of jurisdiction. We deny the remainder of relator's petition against Judge Millard for failure to show entitlement to mandamus relief.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.