

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| IN RE: TONY RODRIGUEZ, | § | No. 08-16-00324-CV |
| | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |
| | § | |

## MEMORANDUM OPINION

Relator, Tony Rodriguez, has filed a mandamus petition asking that we order the Honorable Laura Strathmann, Judge of the 388th District Court of El Paso County, Texas, and the Honorable Jesus Rodriguez, Associate Judge, to withdraw an order excluding illegally obtained evidence. We deny the petition for writ of mandamus.

## JURISDICTION

Relator seeks mandamus relief against both Associate Judge Rodriguez and District Judge Strathmann. Section 22.221 of the Texas Government Code governs a court of appeals' mandamus jurisdiction. *See* TEX.GOV'T CODE ANN. § 22.221 (West 2004). Under Section 22.221(b), a court of appeals may issue a writ of mandamus against a: (1) judge of a district or county court in the court of appeals' district; or (2) judge of a district court who is acting as a magistrate at a court of inquiry in the court of appeals' district. *See* TEX.GOV'T CODE ANN. § 22.221(b). A court of appeals may also issue a writ of mandamus and all other writs necessary to

enforce the jurisdiction of the court. *See* TEX.GOV'T CODE ANN. § 22.221(a). Thus, a court of appeals lacks mandamus jurisdiction over an associate judge unless issuance of the writ is necessary to protect the court's jurisdiction. There is nothing in the mandamus record to indicate that issuance of the writ against Associate Judge Rodriguez is necessary to protect the Court's jurisdiction. *See In re Texas Department of Family and Protective Services*, 348 S.W.3d 492, 495 (Tex.App.--Fort Worth 2011, orig. proceeding)(dismissing petition for writ of mandamus against associate judge for lack of jurisdiction). Accordingly, we lack jurisdiction to grant mandamus relief against Associate Judge Rodriguez.

## MANDAMUS AGAINST DISTRICT JUDGE

The Court has jurisdiction to grant mandamus relief against a district judge in an appropriate case. In his sole issue, Relator alleges that the order excluding evidence violates his right to due process because it precludes him from introducing "any evidence" in future hearings in this case and any other case. To be entitled to mandamus relief, a relator generally must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id*. at 136. Based on the record before us, we conclude that Relator has failed to establish he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

December 21, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.