Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## OPINION

No. 04-10-00811-CV

**IN THE INTEREST OF K.F.**, I.T. and K.L.H.

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 08-1847-CV
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 27, 2011

AFFIRMED

In this accelerated appeal the appellant-mother of three children challenges the trial court's decision to place one of her three children with the child's father.  On appeal, appellant asserts the statutorily-required dismissal date had expired; therefore, the trial court should have dismissed the case.  Because the issues in this appeal are procedural in nature, the following discussion does not include the facts underlying the trial court's decision regarding placement of any of the three children.  We affirm.

## BACKGROUND

Appellant is the mother of three children: KF, KH, and IT.  Each child has a different father.  The child who is the subject of this appeal is IT and his father is "Charles."  On October

30, 2008, the Texas Department of Family and Protective Services ("the Department") filed suit to remove all three children from their home and to terminate the parental rights as to all three children. The next day, the Department was appointed temporary managing conservator of the three children. The first permanency hearing occurred on April 17, 2009. On July 1, 2009, Charles filed an "Original Counter[-P]etition in Suit Affecting the Parent-Child Relationship" in which he sought appointment as sole managing conservator of IT.[1]

Following an August 7, 2009 permanency hearing, the associate judge signed an order granting a six-month extension of the original trial date to March 19, 2010, with a new dismissal date of May 1, 2010. In the August 7 order, the associate judge ordered that KF and KH remain in their foster home and that IT be returned to and remain with Charles. The order also stated that the Department would remain as the temporary managing conservator of KF and KH.

Following a March 5, 2010 permanency hearing, the associate judge signed an order on March 19, 2010 granting a monitored return of KF and KH to appellant, with the Department remaining as temporary managing conservator of the two children. The associate judge also referred the parties to the district court "for final disposition as to custody of" IT. Finally, the court set a new date for trial on August 9, 2010, with a new dismissal date of September 9, 2010.

On April 23, 2010, the trial court conducted a trial regarding custody of IT, following which the court ruled as follows from the bench:

> The parties willing [sic] appointed joint - - joint managing conservators, and [Charles] will have the right to establish residence and domicile. [Appellant] will have access pursuant to a standard possession order.
> . . .
> I will make this return and monitor order, giving the Department rights to monitor both the primary conservator and any visitation by [appellant] that they choose to monitor.

---

[1] The appellate record does not contain any petition appellant may have filed with regard to IT.

The court ordered appellant to pay child support pursuant to the guidelines and ordered family counseling.

Following a May 28, 2010 permanency hearing, the trial court signed an order allowing KF and KH to remain with appellant "because services continue to be offered." The court also allowed IT to remain with Charles "because services continue to be offered pending finalization of orders as to [him]." The order did not set a new trial date or dismissal date.

Although the trial court ruled from the bench on April 23, 2010, the court did not sign an order until July 21, 2010. On July 21, the trial court signed an "Interlocutory Order in Suit Affecting The Parent-Child Relationship as to [IT]" ("the July 21 Order"), in which the court appointed Charles and appellant joint managing conservators of IT, gave Charles the exclusive right to designate IT's residence, and dismissed the Department as a party with reference to IT. The court found that the order "sufficiently defines the rights and duties of the parents of the children . . . and no further parenting plan is appropriate or necessary." The court denied all relief not expressly granted, and the order contained the statutory notice regarding appeals of final orders involving the Department. Finally, the court terminated any "other existing court-ordered relationships with the children the subject of this suit" and dismissed from the suit any parties claiming such a court-ordered relationship.

On October 1, 2010, the trial court signed an order in which it dismissed the Department as temporary managing conservator with regard to KF and KH. In this same order, the trial court also stated it "finds that the [July 21 Order] is the controlling order as to [IT]." On October 28, 2010, the court signed an "Order on Appeal to Referring Court," in which the court found that (1) the trial on the merits as to IT was commenced on April 23, 2010, "which date was prior to

the dismissal date in this case," and (2) the order rendered in open court on April 23, 2010 and entered on July 21, 2010 "is, in all respects, a final order as to [IT]."

On appeal, appellant asserts that the July 21 Order was not a final order because IT's case was not severed from the case as to the other two children and the Department remained involved in the case. Therefore, according to appellant, because the May 1, 2010 dismissal date passed without the Department being dismissed from the case and the May 1, 2010 dismissal date was not extended, the cause of action pertaining to IT should have been dismissed. Appellant also asserts not all parties received notice of the April 23, 2010 trial setting.

## DISCUSSION

The Texas Family Code requires a trial court to dismiss a suit filed by the Department that requests termination of the parent-child relationship or requests that the Department be named conservator of the child on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator "[u]nless the court has commenced the trial on the merits or granted an extension under subsection (b)." TEX. FAM. CODE ANN. § 263.401(a) (West 2008).

Under subsection (b), if the court has not "commenced the trial on the merits," the court may not retain the suit on the court's docket after the time described by subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the Department's temporary managing conservatorship and that continuing the appointment of the Department as temporary managing conservator is in the child's best interest. *Id.* § 263.401(b). "If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a)." *Id.* If the court retains the suit on the court's docket, the court shall render an order in which the court "(1) schedules the new date

on which the suit will be dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a); (2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1)." *Id.*

In this case, the trial court first rendered temporary orders on October 31, 2008. Pursuant to section 263.401(a), the one-year anniversary would have occurred in November 2009, unless extended for 180 days under section 263.401(b). Appellant does not allege the trial court failed to comply with section 263.401(b) when, on August 7, 2009, it granted the first 180-day extension and set a new trial date for March 19, 2010 and a new dismissal date of May 1, 2010. Having granted this extension, the trial court was required to dismiss the suit if the trial on the merits did not commence before the required date for dismissal of May 1, 2010. *See id.* § 263.401(c) ("The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).").

However, notwithstanding section 263.401, "the court may retain jurisdiction and not dismiss the suit or render a final order as required by that section if the court renders a temporary order that"

> (1) finds that retaining jurisdiction under this section is in the best interest of the child;
> (2) orders the department to return the child to the child's parent;
> (3) orders the department to continue to serve as temporary managing conservator of the child; and
> (4) orders the department to monitor the child's placement to ensure that the child is in a safe environment.

*Id.* § 263.403(a).

If the court renders such an order under this section, the court shall "(1) include in the order specific findings regarding the grounds for the order; and (2) schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit unless a trial on the merits has commenced." *Id.* § 263.403(b). In this case, the associate judge signed an order on March 19, 2010 that complied with the requirements of section 263.403(a), made the appropriate findings under section 263.403(b), set a new date for trial on August 9, 2010, and set a new dismissal date of September 9, 2010, which was within 180 days of the date of the order.

Appellant first asserts that because trial on the merits as to KF and KH did not commence before the September 9, 2010 dismissal date, the case should have been dismissed. The Department argues the suit as to IT was severed from the cause rendering the "July 21 Order" final; therefore, trial was held before the dismissal date. We disagree with both arguments. "Severance and bifurcation are distinct trial procedures." *In re United Fire Lloyds*, 327 S.W.3d 250, 254 (Tex. App.—San Antonio 2010, orig. proceeding). A severance divides the lawsuit into two or more separate and independent causes. *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970). A judgment that disposes of all parties and issues in one of the severed causes is final and appealable. *Id.* at 838. An order for a separate trial, however, leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same time. *Id.* There is nothing in the transcript of this case that could be construed as ordering a severance of IT's case from the case involving KF and KH. Instead, in every order signed by the trial court, the court made no distinction between the three children in setting new trial and dismissal dates. Therefore, the entire suit was carried forward with each new order. The entire suit remained intact and a "trial on the merits" was ultimately necessary only as to IT because the final unresolved issue (conservatorship) pertained only to IT. *See id.* Although the

July 21 Order was entitled "Interlocutory Order," it is clear from the record of the April 23 proceeding and the language of the July 21 order that the court conducted a "trial on the merits" on April 23. Because trial on the merits commenced before the dismissal date of September 9, 2010, the trial court was not required to dismiss the case as to any of the three children.

Appellant's argument on appeal also focuses on the dates on which the trial court signed the July 21 Order and the October 1, 2010 order dismissing the Department, both of which appellant contends were past the dismissal dates. The prior version of Family Code section 263.401 provided, in part, as follows:

> (a) Unless the court *has rendered a final order* or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.
>
> .   .   .
>
> (c) If the court grants an extension *but does not render a final order* or dismiss the suit on or before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).[2]

[Emphasis added.] The prior version of Family Code section 263.403 provided, in part, as follows:

> If the court renders an order under this section, the court shall:
> (1) include in the order specific findings regarding the grounds for the order; and
> (2) schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit.[3]

---

[2] *See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2112 Act of May 28, 1997, 75th Leg., R.S., ch. 603, § 12, 1997 Tex. Gen. Laws 2119, 2123; Act of May 31, 1997, 75th Leg. R.S., ch. 1022, § 90, Tex. Gen. Laws 3733, 3768 *amended by* Act of May 27, 2007, 80th Leg., R.S., ch. 866 § 2, 2007 Tex. Gen. Laws 1837, 1838.

[3] *See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2112 Act of May 28, 1997, 75th Leg., R.S., ch. 603, § 12, 1997 Tex. Gen. Laws 2119, 2123; Act of May 31, 1997, 75th Leg. R.S., ch. 1022, § 90, Tex. Gen. Laws 3733, 3768 *amended by* Act of May 27, 2007, 80th Leg., R.S., ch. 866 § 4, 2007 Tex. Gen. Laws 1837, 1838.

However, the current versions of Family Code sections 463.401 and 463.403, which govern this case, no longer require dismissal of a case based upon the date on which an order is rendered. Instead, the appropriate date is the date on which trial on the merits commences. Having returned two of the children to appellant, the trial court was required to commence trial as to the remaining child (IT) before the dismissal date of September 9, 2010. Trial as to IT commenced on April 23, 2010. Nothing in the current version of the Family Code, as applicable to this case, required the trial court to render a final order prior to the dismissal date.

Finally, appellant asserts the trial court failed to notify all the parties of the April 23, 2010 hearing regarding custody of IT. Appellant concedes notice was sent to her attorney, to Charles's attorney, and to the children's ad litem. On appeal, appellant does not identify which "other parties" did not receive notice; however, we assume she refers to the fathers of the other two children. Because all parties necessary to the disposition of IT's custody received proper notice, we disagree with appellant's argument.[4]

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's order.

Sandee Bryan Marion, Justice

---

[4] Appellant does not argue and we can find no basis to hold that the fathers of KF and KH should have received notice of the trial regarding IT's custody.