

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00082-CV

IN THE INTEREST OF K.E. AND R.E., CHILDREN

On Appeal from the 47th District Court
Armstrong County, Texas
Trial Court No. 2374, Honorable Dan L. Schaap, Presiding

June 11, 2013

## ORDER

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an accelerated appeal of a final order that appointed appellee the Texas Department of Family and Protective Services permanent managing conservator of minors K.E. and R.E., and appointed their mother M.E. and their father S.E. possessory conservators. Both parents appealed.[1] Before the Court is a joint motion under appellate rule 42.1(a)(2)(A)[2] in which the Department, the mother, and the attorney ad

---

[1] The appeal of the father was involuntarily dismissed under appellate rule 42.3(a),(c).

[2] Under appellate rule 42.1(a)(2)(A) an appellate court may dispose of a case according to the agreement of the parties by rendering judgment effectuating the agreement. Tex. R. App. P. 42.1(a)(2)(A).

litem for the children ask that we render judgment reversing the final order and dismissing the case. As we read the motion, the movants' request is predicated on a finding of reversible error by the trial court. Because we do not agree the record reflects the reversible error the movants perceive, we will deny the motion as presented.

In the trial court, the original dismissal date of March 12, 2012, was extended by order pursuant to Family Code section 263.401(b) until September 8, 2012. Tex. Fam. Code Ann. § 263.401(b) (West 2008). The case was tried August 6 through 8, 2012. After all parties rested and closed, the trial court announced it was denying termination of the parental rights of the father and mother and was taking issues of conservatorship under advisement.

On September 7, 2012, the court signed an order for monitored return of the children to the mother. In the opinion of the movants, the substance of this order does not sufficiently comport with Family Code section 263.403 and the trial court's jurisdiction was, accordingly, not perpetuated.[3] The order for monitored return set February 26, 2013, as a new dismissal date.

The trial court modified the order for monitored return after hearings in October, November, and December 2012. The mother filed a motion to dismiss on February 11,

---

[3] Section 263.403(a) permits a trial court to retain jurisdiction and not dismiss the suit or enter a final judgment if it renders a temporary order that, among other things, orders the Department to return the child to his parent. Here the court's order of monitored return did not require the immediate return of the children to the mother. Instead, her contact with the children was progressively increased according to a transition schedule attached to the order. Under the schedule, the children's full-time placement with the mother would begin on November 4. Our disposition of the motion before us does not require that we consider whether the trial court's order complies with section 263.403(a), and we express no opinion on that question.

2013, asserting in part that the order for monitored return was insufficient to extend the dismissal deadline. On February 28, the trial court signed the final order appointing the Department permanent managing conservator and the mother and the father possessory conservators.

Family Code section 263.401(c) provides:

> If the court grants an extension [under section 263.401(b)] but does not commence the trial on the merits before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).

Tex. Fam. Code Ann. § 263.401(c) (West 2008).

In pertinent part, Family Code section 263.402 provides:

> A party to a suit under this chapter who fails to make a timely motion to dismiss the suit under this subchapter waives the right to object to the court's failure to dismiss the suit. A motion to dismiss under this subsection is timely if the motion is made before the trial on the merits commences.

Tex. Fam. Code Ann. § 263.402(b) (West 2008).

The record seems clear to us that trial on the merits commenced on August 6, 2012, a date within the initial 180-day extension period authorized by section 263.401(b). Implicit in the movants' position is the notion that the trial court was statutorily required to sign a final order within that initial 180-day extension period. But under the current, applicable version of section 263.401(c), it is the commencement of trial, not the rendering of a final order, that must occur during the extension period.[4]

---

[4] The former version of section 263.401(c) provided:

Accordingly, we cannot agree that the trial court's jurisdiction over the case at the time it signed the February 28 final order depends on the monitored return order of September 7.

The circumstances under which we may dispose of an appeal by agreement of the parties are set forth in appellate rule 42.1(a)(2). As noted, we construe the movants' request to be dependent on a finding of reversible error. Rule 42.1 "does not permit an appellate court to order a new trial merely on the agreement of the parties absent reversible error, or to vacate a trial court's judgment absent reversible error or a settlement." Notes and Comments, Tex. R. App. P. 42.1; *see In re Z.A.S.,* 07-09-0136-CV, 2009 Tex. App. Lexis 5797 (Tex.App.--Amarillo, July 22, 2009, per curiam order); *In re J.A.B.,* No. 08-06-0201-CV, 2007 Tex. App. Lexis 6312 (Tex.App.--El Paso Aug. 9, 2007, no pet.) (mem. op.); *cf. In re A.D.G.,* 07-12-0021-CV, 2012 Tex. App. Lexis 4298 (Tex.App.--Amarillo May 30, 2012, per curiam order) (remanding for a new trial on the agreed motion of the parties as the appellee's concession of error was supported by the clerk's record). Because we do not agree the record reflects the reversible error the movants apparently perceive, we must deny the movants' motion as presented.

---

If the court grants an extension but does not *render a final order* or dismiss the suit on or before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b). (emphasis ours)

*See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2112; Act of May 28, 1997, 75th Leg., R.S., ch. 603, § 12, 1997 Tex. Gen. Laws 2119, 2123; Act of May 31, 1997, 75th Leg. R.S., ch. 1022, § 90, Tex. Gen. Laws 3733, 3768 amended by Act of May 27, 2007, 80th Leg., R.S., ch. 866 § 2, 2007 Tex. Gen. Laws 1837, 1838. *See also In re K.F.,* 351 S.W.3d 108, 113-14 (Tex.App.--San Antonio 2011, no pet.) (quoting former version of statute and noting nothing in current version of Family Code requires rendition of a final order before dismissal date).

If, however, we have misconstrued the movants' intention, and they simply have reached a settlement of the case and desire a disposition of the appeal not dependent on a finding of reversible error, the Court would entertain a joint motion for rehearing making that intention clear. In that regard, the parties are encouraged to give close attention to appellate rules 42.1 and 43.2. Such a motion for rehearing, if filed, shall be filed within seven days of the date of this order.

If the appeal is to remain on the Court's docket, its accelerated status must be observed. The mother's brief has been filed. The brief of the Department as appellee is past due. If the Department wishes to file a brief, it shall do so within ten days of the date of this order.

It is so ordered.


Per Curiam