

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00082-CV

IN THE INTEREST OF K.E. AND R.E., CHILDREN.

On Appeal from the 47th District Court
Armstrong County, Texas
Trial Court No. 2374, Honorable Dan L. Schaap, Presiding

August 30, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In this accelerated appeal, the mother[1] challenges a final order appointing appellee the Texas Department of Family and Protective Services permanent managing conservator of her minor children, K.E. and R.E.[2] We will affirm.

---

[1] We identify the mother and the father only as such, and the children only by their initials, to protect the identities of the children. *See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2012); Tex. R. App. P. 9.8(a),(b)(2).

[2] The father also appealed but the cause was dismissed under appellate rule 42.3(a),(c) by order of June 6, 2013. *In re K.E. and R.E.,* No. 07-13-00082-CV, 2013 Tex. App. Lexis 6968 (Tex.App.--Amarillo June 6, 2013, no pet.) (per curiam, mem. op.).

## Background

The mother does not challenge the sufficiency of the evidence supporting the final order of the trial court so we will discuss only the background facts necessary for our disposition of the mother's two issues on appeal.

A temporary order appointed the Department temporary managing conservator of K.E. and R.E. Through a suit affecting the parent-child relationship, the Department sought protection of K.E. and R.E., conservatorship, and termination of the parent-child relationship existing between the parents and the children. The suit's original dismissal date of March 12, 2012, was extended until September 8, 2012, by order pursuant to Family Code section 263.401(b).

Trial by jury began on August 6, 2012. During the morning session of August 8, the parties agreed to withdraw the case from the jury. The remaining evidence was presented to the bench. Later that day, after each party rested and closed, the court orally denied the Department's request for termination and took the matter of conservatorship under advisement. For the interim, it orally rendered temporary orders.

On September 7, 2012, the court signed an order for monitored return of the children to the mother. The order included a 90-day reunification plan recommended by the children's psychologist.

The trial court modified the order for monitored return after hearings in October, November, and December 2012. The mother filed a motion to dismiss the case on February 11, 2013, asserting in part that the order for monitored return was insufficient to extend the dismissal deadline. On February 28, the trial court signed the final order

appointing the Department permanent managing conservator and the mother and the father possessory conservators.

## Analysis

In her first issue the mother argues, "The trial court abused its discretion and committed reversible error when it rendered a 'Final Order' beyond a time allowed by Section 263.401, Texas Family Code, in that the strictures of a temporary order for a monitored return of the children to the Appellant was not as prescribed by Section 263.403, Texas Family Code."

We review the issue for abuse of discretion. *See In re M.D.W.,* 2013 Tex. App. Lexis 7956, at *12-13 (Tex.App.--Fort Worth June 27, 2013, n.p.h.) (per curiam, mem. op.) (applying abuse of discretion standard to question of extension of dismissal date under section 263.401(b)). A trial court abuses its discretion if it acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). The dismissal deadlines of Family Code section 263.401 are procedural, not jurisdictional. *In re Walker,* 265 S.W.3d 545, 550 n.10 (Tex.App.--Houston [1st Dist.] 2008, orig. proceeding).

Family Code section 263.401(c) provides:

> If the court grants an extension [under section 263.401(b)] but does not commence the trial on the merits before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).

Tex. Fam. Code Ann. § 263.401(c) (West 2008).

3

Foundational to the mother's argument is the notion that the trial court was statutorily required to sign a final order within the 180-day extension period, that is, by September 8, 2012. But under the current, applicable version of section 263.401(c), it is the commencement of trial, not the rendering of a final order, that must occur during the extension period.[3]  *See In re K.F.,* 351 S.W.3d 108, 113-14 (Tex.App.--San Antonio 2011, no pet.) (observing in case where trial on the merits commenced before the dismissal date, nothing in current version of Family Code requires rendition of a final order before dismissal date). No one disputes that trial on the merits commenced on August 6, 2012, a date within the initial 180-day extension period authorized by section 263.401(b). Accordingly, we find the trial court did not abuse its discretion as the mother argues in this issue.[4]

---

[3] The former version of section 263.401(c) provided:

> If the court grants an extension but does not *render a final order* or dismiss the suit on or before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b). (emphasis ours)

*See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2112; Act of May 28, 1997, 75th Leg., R.S., ch. 603, § 12, 1997 Tex. Gen. Laws 2119, 2123; Act of May 31, 1997, 75th Leg. R.S., ch. 1022, § 90, Tex. Gen. Laws 3733, 3768 amended by Act of May 27, 2007, 80th Leg., R.S., ch. 866 § 2, 2007 Tex. Gen. Laws 1837, 1838.

[4] Among the cases cited by the mother is *In re Texas Dep't of Family & Protective Servs.,* 348 S.W.3d 492 (Tex.App.--Fort Worth 2011, orig. proceeding), in which the Fort Worth court invalidated a monitored return order issued after the dismissal date set under section 263.403(c). *Id.* at 497. Those are not the facts in this case, and we do not perceive appellant's argument to focus on the September 7 date of the monitored return order.

Whether, in a particular case, the law places a limit on the length of time a trial court may take to complete a trial and render a final judgment in a case subject to section 263.401 is not an issue before us. It is sufficient for this case to note that such a limit is no longer to be found in section 263.401. By its 2007 amendments, the legislature expressly removed from section 263.401 all references to deadlines for the rendering of a final order, and replaced them with deadlines for the commencement of trial. *See In re K.F.,* 351 S.W.3d at 114 ("Nothing in the current version of the Family Code, as applicable to this case, required the trial court to render a final order prior to the dismissal date").[5]

The mother's first issue is overruled.

In her second issue, the mother complains the trial court abused its discretion and reversibly erred by *sua sponte* considering evidence adduced after the close of evidence but before rendition of judgment. We review a trial court's decision to reopen the evidence for an abuse of discretion. *Naguib v. Naguib,* 137 S.W.3d 367, 372-73 (Tex.App.--Dallas 2004, pet. denied). The court's discretion should be liberally exercised that both sides may fully develop the case in the interest of justice. *Barrier v. Beavers,* 531 S.W.2d 191, 193 (Tex.Civ.App.--Amarillo 1975, writ ref'd n.r.e.).

---

[5] The mother concludes her argument under this issue with an alternative request asking us to invalidate the September 7 monitored return order and remand the cause to the trial court for entry of an order complying with section 263.403(a). Part of her argument is the September 7 order was not a proper monitored return order because it provided for the return of the children to the mother under a schedule rather than immediately. We do not address that contention because the purposes served by an order for monitored return were mooted when the trial court rendered its February 28 final order.

As noted, at the conclusion of the August 2012 trial setting the parties rested and closed. Over the following six months the trial court conducted hearings in conjunction with its September 7 order for monitored return. During some of these post-trial hearings evidence was received. The final order recites, "The Court having considered the evidence presented at trial and the subsequent evidentiary hearings which have been held herein . . . ."

The Department contends the issue was not presented to the trial court and thus not preserved for our review. Having reviewed the record, we must agree. *See* Tex. R. App. P. 33.1(a)(1)(A) (a complaint preserved for appellate review by requesting the desired ruling from the trial court "with sufficient specificity to make the trial court aware of the complaint"); *In re D.W.,* 249 S.W.3d 625, 631 (Tex.App.--Fort Worth 2008, pet. denied) (failure to preserve complaint in trial court results in waiver of issue on appeal). The record reflects no objection raised by either parent to the conduct of the hearings in October, November and December 2012, or to the taking of evidence when that was done.

Further, the trial court initiated the post-trial hearings for the purpose of reuniting the children with the mother. We are not shown exactly what evidence it heard that the mother now believes influenced an incorrect final decision. *See* Tex. R. App. P. 44.1(a) (standard for reversible error); *In the Interest of J.C.R.,* No. 02-10-00006-CV, 2011 Tex. App. Lexis 1447, at *2 (Tex.App.--Fort Worth Feb. 24, 2011, no pet.) (per curiam, mem. op.) ("We will not reverse a trial court's judgment because of an erroneous evidentiary ruling unless the ruling probably caused the rendition of an improper judgment. The complaining party must usually show that the whole case turned on the evidence at

6

issue" (footnotes omitted)).  The mother does not argue the evidence will not support appointment of the Department as permanent managing conservator, even if limited to that adduced at the August setting.  Thus even could it be said that the trial court erred, we are not shown its judgment was incorrect.

The mother's second issue is overruled.

Conclusion

Having overruled the mother's two issues on appeal, we affirm the judgment of the trial court.

James T. Campbell
Justice