**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 4, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-01139-CV
_____

### IN RE E.C., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-39339**

---

## MEMORANDUM OPINION

On December 27, 2013, relator E.C. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Sheri Dean, presiding judge of the 309th District Court of Harris County, to dismiss the Texas Department of Family and Protective Services (the "Department") from the

underlying suits affecting the parent-child relationship ("SAPCRs"). We deny the petition.

## BACKGROUND

Relator is the maternal grandmother of the two children involved in the underlying SAPCRs. On October 4, 2011, the Department filed original motions to modify and petitions for protection of a child, conservatorship, and termination in a suit affecting the parent-child relationship in cause numbers 2007-20638 and 2008-39339.

On October 10, 2011, the trial court signed an agreed order following an adversary hearing, appointing the Department temporary managing conservator in each case, and determined that the mandatory dismissal date for each case was October 12, 2012, pursuant to the Texas Family Code. *See* Tex. Fam. Code Ann. § 263.401 (West 2008).

Relator filed a petition in intervention, on November 7, 2011, in cause number 2007-20638, seeking to be appointed sole managing conservator of both children, even though only one child was the subject of cause number 2007-20638. Relator subsequently filed, on March 13, 2013, another petition in intervention in cause number 2008-39339, seeking to be appointed the sole managing conservator of the child subject to that suit.

On August 30, 2012, the trial court signed orders retaining cause numbers 2007-20638 and 2008-39339 on the docket, and setting a dismissal date of April 15, 2013 for each case, "which is a date not later than the 180th day after the time prescribed by § 263.401(a) [of the Texas Family Code], unless a final order is

rendered by that date."[1]  The orders further set a date for the next permanency hearing for November 15, 2012.

The cases were tried together before a jury, with trial commencing on March 14, 2013.  The jury returned its verdicts on April 10, 2013; the jury found that Mother's parental rights should be terminated as to each child, and relator should be appointed managing conservator for both children, rather than the Department.[2] The trial court orally "accept[ed] and adopt[ed]" the jury's verdicts.

On June 28, 2013, the Department filed a motion for additional orders in each case, requesting the suspension of visitation between relator and the children, the discontinuation of harassing written and/or verbal communications from relator, and the completion of a previously court-ordered psychosocial/psychological evaluation of relator.  On July 10, 2013, the Department filed a motion for new trial on the issue of managing conservatorship in both cases based on newly discovered evidence, and noticed a hearing for July 17, 2013.  Relator moved to strike the hearing on the Department's motions for new trial on July 17, 2013, and moved to dismiss the Department from both suits on July 18, 2013.  The trial court, on July 18, 2013, denied relator's motions to dismiss and signed orders in both cases suspending relator's visitation with the children.

---

[1] Relator stated in her petition that the trial court did not enter an order retaining cause number 2007-20638 on the docket.  The Department, however, attached to its response the August 30, 2012 order retaining cause number 2007-20638 on the docket.

[2] The trial court had already terminated Father's parental rights to the child in cause number 2008-39339 and the other Father's parental rights to the child in cause number 2007-20638.

On July 29, 2013, the trial court entered the orders modifying the prior orders and decree for termination. In those orders, Mother's and each Father's parental rights were terminated, and relator was appointed sole managing conservator, with the Department continuing as possessory conservator of the children until they were relinquished to relator. However, on August 2, 2013, the trial court entered orders granting new trials in each case as to managing conservatorship, but not as to termination of parental rights, and reinstated the Department as temporary managing conservator of the children. This mandamus followed.

## ANALYSIS

In her first three issues, relator asserts that the trial court abused its discretion by not dismissing the Department's suit when she filed and presented a motion to dismiss prior to the date the trial court entered judgment. In her fourth issue, relator argues once the jury returned its verdict, the trial court was limited to entering final judgment on the verdict.

Section 263.401(a) of the Texas Family Code requires the dismissal of a SAPCR filed by the Department requesting the termination of parental rights or requesting that the Department be named managing conservator, "[u]nless the court has commenced trial on the merits or granted an extension under Subsection (b), on the first Monday after the anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator." *Id.* § 263.401(a).

Section 263.401(b) provides for a maximum 180-day extension to retain the SAPCR on the court's docket. *Id.* § 263.401(b). "Unless the court has

commenced trial on the merits," it may not retain the suit on its docket, "unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id.*

Finally, section 263.401(c) provides the court "shall dismiss the suit" if the court granted an extension but does "not commence trial on the merits" before the dismissal date with the 180-day extension. *Id.* § 263.401(c). Moreover, the court may not grant any additional extensions that would extend the suit beyond the 180-day extension. *Id.*

The Department filed its petitions in cause numbers 2007-20638 and 2008-39339 on October 4, 2011, and the trial court signed the temporary orders appointing the Department managing conservator on October 10, 2011. The temporary orders stated the dismissal date for both cases was October 15, 2012. On August 30, 2012, the trial court entered orders in both cases extending the dismissal date to April 15, 2013. *See id.* § 263.401(b)(1). Trial commenced on March 14, 2013. Relator filed her motions to dismiss in both cases on July 18, 2013, and the trial court entered final judgments in both cases on July 29, 2013.

Relator contends that if the trial court grants a 180-day extension, but does not *sign a final order* within that period, it must dismiss the suit. *See In re J.L.C.*, 194 S.W.3d 667, 672 (Tex. App.—Fort Worth 2006, no pet.) (applying former version of section 263.401). Relator is relying on a prior version of section

263.401, which provided for dismissal unless the trial court "rendered a final order" within the statutory deadlines.[3]

Therefore, contrary to relator's assertions, it is not the trial court's failure to "render a final order" that requires dismissal. Instead, under the current and applicable version of section 263.401, dismissal is required based upon the trial court's failure to "commence[] trial on the merits" by the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator, or after the 180-day extension has run. Tex. Fam. Code Ann. § 263.401(a); *see also In re K.E.*, No. 07-13-00082-CV, 2013 WL 4733999, at *2 (Tex. App.—Amarillo Aug. 30, 2013, no pet.) (mem. op.) ("Foundational to the mother's argument is the notion that the trial court was statutorily required to sign a final order within the 180-day extension period, that is, by September 8, 2012. But under the current, applicable version of section 263.401(c), it is the commencement of trial, not the rendering of a final order, that must occur during the extension period."); *In re K.F.*, 351 S.W.3d 108, 113–14 (Tex. App.—San Antonio 2011, no pet.) (observing, that when trial on the merits commenced before the dismissal date, nothing in the current version of the Family Code required rendition of a final order before dismissal date).[4] Here, the trial

---

[3] *See* Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, 1997 Tex. Gen. Laws 2108, 2112−13; Act of May 28, 1997, 75th Leg., R.S., ch. 603, § 12, 1997 Tex. Gen. Laws 2119, 2123−24; Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3768−69, amended by Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 2, 2007 Tex. Gen. Laws 1837, 1837−38.

[4] Relator also relies on the August 30, 2012 orders granting the 180-day extensions. Each order states "this suit shall be dismissed on April 15, 2013, which the date not later than the 180th day after the time described in § 263.401(a), unless ***a final order is rendered*** by that date." (Emphasis added). However, the statute provides dismissal is required unless trial on the merits

court "commenced trial on the merits" on March 14, 2013—a month before the April 15, 2013 dismissal date.

Relator further claims that she timely moved to dismiss the Department's suit before the trial court signed a final order. *See* Tex. Fam. Code Ann. § 263.402(b) (West 2008). Under section 263.402(b), a party who fails to make a timely motion to dismiss waives the right to object to the court's failure to dismiss the suit. *Id.* A motion to dismiss is "timely if the motion is made before the trial on the merits commences." *Id.* The statutory deadlines are not jurisdictional. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009) (orig. proceeding). Relator did not file her motions to dismiss prior to the commencement of the trial on the merits. Therefore, relator's motions to dismiss were untimely, and the trial court did not abuse its discretion by denying them on July 18, 2013.

The trial court granted new trials in both cases as to the issue of conservatorship, but not as to termination of parental rights. When a trial court grants a motion for new trial, the case is reinstated on the trial court's docket as though no trial had occurred, and the slate is essentially wiped clean as to orders such as an oral pronouncement of judgment and written judgment based on the trial. *Id.* at 644. Relator appears to argue that the granting of new trials on the issue of conservatorship means the trial court did not commence trial on the merits prior to the April 15, 2013 dismissal date.

---

commences by the statutory dismissal date. The fact that the trial court used an outdated form order does not change the requirements of the statute.

7

However, we need not decide the effect of the trial court's granting the motions for new trial in this case because relator has failed to make the necessary predicate request for relief in the trial court.

After the trial court granted the Department's motions for new trial on conservatorship on August 2, 2013, relator did not request that the trial court dismiss the suits for failure to comply with section 263.041's deadlines on any basis, including that the cases were reset on the docket as if there had been no trial, or otherwise request that the trial court reconsider its rulings on the motions for new trial. "A party's right to mandamus relief generally requires a predicate request for some action and refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam). Such requirement is excused when the request would have been futile and the trial court's refusal little more than a formality. *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding).

Objecting to the failure to dismiss the SAPCRs because the trial court was no longer in compliance with section 263.401's deadlines due to the granting of the new trials on conservatorship would have added something for the trial court's consideration. *See In re Brown*, 277 S.W.3d 474, 483 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (plurality op.) ("To determine whether a request would have been futile, appellate courts examine whether the request would have added anything for the court's consideration."). Instead, relator waited nearly five months to file her mandamus petition in this court requesting her relief for the first time.

Relator has not established her entitlement to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel Consists of Justices Boyce, Christopher, and Brown.